Argued January 10, appeal dismissed June 11, 1952

# KAUFMAN *v.* THE OREGONIAN PUBLISHING COMPANY

245 P. 2d 237

*Arthur E. Prag,* of Portland, argued the cause for appellant. On the brief were Hoy & Prag, of Portland. *John W. Kendall,* of Portland, argued the cause for

respondent. On the brief were Black & Kendall, of Portland.

Before BRAND, Chief Justice, and HAY, LUSK, LATOURETTE, and WARNER, Justices.

BRAND, C. J.

This is an action for damages on account of an alleged libel. Based upon a certificate of the county clerk, the action was dismissed for want of prosecution. On 14 June 1950 the plaintiff filed a motion for reinstatement of the case and on 20 July 1950 the court made an order denying the motion. From this order the plaintiff appeals. An amended complaint had been served and filed on 14 July 1947. It was signed by the plaintiff personally, though it was on stationery of Hoy & Prag, attorneys. On 24 July 1947 the defendant filed a motion to strike the amended complaint. After the filing of the motion, Arthur E. Prag was employed by the plaintiff as his attorney. There was no ruling upon the motion to strike and no other action was taken until 1 November 1949. Apparently, pursuant to the provisions of chapter 223, Oregon Laws of 1949, the county clerk issued a certificate to the effect that notices of dismissal for want of prosecution were mailed to attorneys of record in the above-entitled case at their last known address on 1 November 1949. On 11 January 1950, based upon the county clerk's certificate, the court dismissed the case for want of prosecution. On 21 February 1950 the plaintiff, by Hoy & Prag, his attorneys, filed a motion for an order reinstating the cause, "based upon the affidavit of the plaintiff and upon the records and files in this cause." The affidavit reads as follows:

"I, CHARLES KAUFMAN, being first duly sworn, hereby depose and say: That I received

no notice whatsoever of the intention of the County Clerk to apply for dismissal for want of prosecution.

"That I have a good cause of action, and that it would be a wholly unjust determination of my case to permit it to be dismissed for want of prosecution."

The court made the following order:

"This matter having come up for hearing upon the plaintiff's Motion for an Order reinstating the above entitled cause as a pending case, which said Motion was supported by an affidavit of the plaintiff, Charles Kaufman, stating in substance that he received no notice of the intention of the County Clerk to apply for a dismissal of said case for want of prosecution; and the Court having heard arguments by counsel for both parties, and being fully advised in the premises,

"IT IS HEREBY ORDERED that the said Motion be denied.

"DATED at Portland, Oregon, this 9th day of June, 1950."

The order was entered in the journal on 16 June 1950. On 14 June 1950, after the argument and denial of the motion, but before its formal entry, the plaintiff filed a second motion for reinstatement, supported by an affidavit which reads as follows:

"COMES NOW the plaintiff and move the Court for an order reinstating the above-entitled case as a pending case.

"This Motion is based upon the affidavit of the plaintiff annexed herewith and upon the records and files in this case and upon Sec. 1-1007 O.C.L.A. and Chapter 223, Or. L. 1949.

"The said Affidavit in support thereof reads as follows:

"STATE OF OREGON )
)ss.
County of Multnomah )

I, CHARLES KAUFMAN, being first duly sworn, hereby depose and say: That the Clerk of the Court mailed no notice to me that the above-named case would be dismissed for want of prosecution and that therefore I had no opportunity to show cause why it should be continued as a pending case.

That there is good cause why the above-named case should be continued as a pending case.

That I employed Arthur E. Prag, an attorney regularly licensed and practicing in the State of Oregon, to assist me in the handling of this case. That Mr. Prag had numerous conversations with Judge Kendall of attorneys for defendant and that one time the motion now pending, which was the motion of the defendant, was set for hearing and Judge Kendall requested that it go over because of the necessity of his being out of the City.

That I have a good cause of action and that it would be wholly unjust for a determination of my case to be had without my having an opportunity to present it to a trial jury.''

The second motion recites that it is based upon the affidavit of the plaintiff ''and upon the records and files in this case and upon Sec. 1-1007 O.C.L.A. and Chapter 223, Or. L. 1949.'' The second motion was submitted to a different circuit judge from the one who had ruled upon the first motion. On 20 July 1950 an order was made denying the second motion for reinstatement of the case. Both orders denying reinstatement recite that they were made after hearing argument by both parties to the cause. There is no allegation in either motion or affidavit to the effect that notice of dismissal was not received by one of the attorneys for the plaintiff. The plaintiff merely denies that he personally received any notice.

■ As we first stated, the appeal is from the order of 20 July 1950 which was entered on 25 July 1950. The notice of appeal was served on 15 September and filed on 19 September 1950. Thus, it appears that the notice of appeal was filed within 60 days from the entry of the order of 20 July 1950. The notice of appeal, however, was not filed within 60 days of the order denying the first motion for reinstatement. The denial of the first motion to reinstate constituted a final and appealable order. In support of that motion the plaintiff could have set forth everything which he stated in his affidavit supporting the second motion. He had no more grounds for asserting surprise or excusable neglect when he filed the second motion than he had when he filed the first. The second motion was in substance the same as the first, the only difference being that two sections of the code were mentioned in the second and not mentioned in the first. Also the second affidavit, except for some immaterial additions, is substantially the same as the first. The plaintiff cannot extend the time for appeal by filing the second motion and seeking a ruling thereon before a different judge after he has once presented his claim, argued it, and received an adverse ruling from the judge to whom the motion was first submitted. Sixty days having expired since the order of 9 June, entered on 16 June, his right of appeal expired and the appeal must be dismissed. It may be added that under the recent decision of this court in *Reed v. First National Bank of Gardiner,* 194 Or 45, 241 P2d 109, the trial court had inherent power to dismiss the case for want of prosecution and no abuse of discretion was shown when it did so.