Argued October 20, affirmed December 1, 1954

# BOCK *v.* PORTLAND GAS & COKE COMPANY
## 277 P2d 758

*Donald F. Marshall,* of Portland, filed a brief for appellant.

*Henry S. Gray* and *Gerald J. Norville,* of Portland, argued the cause for respondent. With them on the brief were Laing Gray & Smith, of Portland.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN and BRAND, Justices.

## BRAND, J.

This action was instituted on 4 February 1949 by the filing of a complaint charging the defendant with falsely, maliciously and without probable cause, procuring the plaintiff to be indicted for the crime of making unauthorized connection with a gas pipe. Plaintiff sought damages in the sum of $100,000. On 27 January 1953 and upon motion of the defendant, the trial court dismissed the action for want of prosecution. On 2 February 1953 the plaintiff filed a motion to reinstate the action and to place the same upon the trial docket, and on 25 March 1953 that motion was denied. The plaintiff has given notice of appeal from the order dismissing the case for want of prosecution and from the order denying the plaintiff's motion to reinstate. The chronological history of the case is as follows:

| | |
|---|---|
| 4 February 1949 | —Complaint filed. |
| 15 February 1949 | —Stipulation extending time for defendant to move or plead to 1 March 1949. |
| 28 February 1949 | —Motion to make complaint more definite and certain and to strike. |
| 26 August 1949 | —Order on motion allowed in part. |

12 September 1949—First amended complaint filed.

13 September 1949—Stipulation extending time for the defendant to plead to 31 [sic] September 1949.

30 September 1949—Demurrer to the complaint.

3 May 1950 —Order sustaining demurrer.

18 May 1950 —Motion to make more definite and certain.

22 May 1950 —Second amended complaint.

31 May 1950 —Order allowing motion.

8 June 1950 —Third amended complaint.

16 June 1950 —Demurrer.

8 December 1950 —Order sustaining demurrer.

12 December 1950 —Fourth amended complaint.

20 December 1950 —Demurrer.

28 December 1950 —Order sustaining demurrer.

8 January 1951 —Fifth amended complaint.

18 January 1951 —Demurrer.

21 February 1951 —Demurrer overruled.

2 March 1951 —Answer filed.

12 March 1951 —Motion to strike portions of answer.

5 October 1951 —Nunc Pro tunc order entered per stipulation.

5 October 1951 —Order denying plaintiff's motion to strike.

19 October 1951 —Reply filed.

23 October 1952 —Motion to dismiss for want of prosecution.

23 October 1952 —Service of motion acknowledged by plaintiff.

6 November 1952 —Motion for order to dismiss defendant's motion to dismiss and for an order setting case for trial.

27 January 1953 —Order dismissing action for want of prosecution.

2 February 1953 —Motion to reinstate action.

25 March 1953 —Counsel for plaintiff withdraws from the cause.

27 March 1953 —Plaintiff's motion denied.

On the face of the record there is no evidence of unreasonable delay on the part of the defendant in any of the proceedings which culminated in placing the case at issue on the facts. The same cannot be said concerning the plaintiff. He waited from 21 February 1947, when the cause of action is alleged to have accrued, until 4 February 1949, before commencing his action, thereby avoiding the bar of the statute of limitation by about three weeks. Three of defendant's witnesses have died since the alleged cause arose, the last death being on 25 October 1949. Nearly six months elapsed between the filing and the motion of 28 February 1949 and the hearing thereon. Seven months elapsed between the filing of the demurrer to the amended complaint and the hearing thereon. More than five months elapsed between the filing of the demurrer to the third amended complaint and the hearing thereon. About seven months elapsed between the filing of plaintiff's motion against the defendant's answer and the hearing thereon. It took from 4 February 1949 until 19 October 1951 to put this case at issue on the facts and after the filing of the reply no action was taken by the plaintiff until a year later when he was served with a motion to dismiss the case.

It requires no citation of authority to support the plaintiff's contention that it is the policy of the law to hear cases upon the merits. On the other hand, it is also unnecessary to cite authorities for the proposition that justice should be administered without delay. Constitution of Oregon, Article I, § 10. The plaintiff relies upon the following text:

"Delay through Fault of Defendant.—The general rule that a dismissal may be granted for want of prosecution does not apply where the defendant has been responsible for the delay in prosecuting

the suit. If he has had the same right as the plaintiff to press the action to trial and has been willing to permit it to remain untried, he cannot complain, especially in the absence of any showing of prejudice.'' 17 Am Jur, Dismissal and Discontinuance, § 58, p 88.

One case only is cited in support of the last sentence of the text, i.e., *Wright v. Howe,* 46 Utah 588, 150 P 956. In that case there was a delay of three years between the filing and the trial of the cause. The defendant moved to dismiss for want of prosecution, but the court denied the motion and tried the case upon the merits. In *Reed v. First National Bank of Gardiner,* 194 Or 45, 241 P2d 109, we held that the trial courts have inherent power to dismiss for want of prosecution. It may act under the statute or upon its own motion, and ''Its ruling will not be disturbed on appeal unless it is manifest from the record that the court's discretion has been abused. Returning to *Wright v. Howe,* supra, it will be seen that the trial court exercised its discretion in refusing to dismiss. Such action could have been reversed only by holding that the court abused its discretion in failing to dismiss the case. The case is clearly distinguishable.

■ Where the plaintiff has commenced an action at law and the defendant is not seeking affirmative relief, the duty rests upon plaintiff to prosecute his case to final determination with reasonable diligence. The defendant has a duty to take such steps as may be required in order to meet the actions taken by the plaintiff. To this extent he also should exercise reasonable diligence, but beyond this he may remain passive. *Gray v. Times-Mirror Co.,* 11 Cal App 155, 104 P 481; *Oberkotter v. Spreckels,* 64 Cal App 470, 221 P 698; *Yampa Valley Coal Co. v. Velotta,* 83 Colo 235, 263

P 717; *Callahan v. Caldwell,* 30 Wash2d 430, 191 P2d
708, 712;*Moshannon National Bank v. Iron Mt. Ranch
Co.,* 45 Wyo 265, 18 P2d 623, 629; *Stateler v. Nettles*
(Tex Sup 1942) 163 SW2d 700; *Hicks v. Bekins Mov-
ing & Storage Co.,* (CCA 9th, 1940) 115 F2d 406, 409.

In *Bond v. Kirby Lumber Co.* (Tex Civ App 1928)
2 SW2d 936, cited by the plaintiff, the court held that
the plaintiff had shown diligence, and added that if
plaintiff was negligent, the defendant was also negli-
gent. The case is not in point.

■ The Oregon statute provides:

"Not less than 60 days prior to the first regular
motion day in each calendar year, the clerk of the
court shall mail notice to the attorneys of record
in each pending case in which no action has been
taken for one year immediately prior to the mailing
of such notice, that each such case will be dismissed
by the court for want of prosecution, unless on or
before such first regular motion day application,
either oral or written, is made to the court and
good cause shown why it should be continued as
a pending case. If such application is not made
or good cause shown, the court shall dismiss each
such case. Nothing contained in this section shall
prevent the dismissing at any time, for want of
prosecution, of any suit, action or proceeding upon
motion of any party thereto." ORS 18.260.

The action of the circuit court was not based upon the
statute. Nevertheless, the statute does indicate the
public policy of the state, and we are not disposed to
hold that it constitutes any restriction upon any in-
herent power of the court. *Reed v. First National
Bank of Gardiner,* supra. The fact that the defendant
could have taken steps toward bringing the case on
for trial did not in this case excuse the plaintiff's lack
of diligence or prevent the court in its discretion from
dismissing the case. Nor was it necessary for the

defendant to show that it had suffered any specific prejudice other than that to be inferred from the record of the case. Injury is presumed from unreasonable delay. See cases cited supra and *Jackson v. De Benedetti,* 39 Cal App2d 574, 103 P2d 990, 992; *Yampa Valley Coal Co. v. Velotta,* 83 Colo 235, 263 P 717, 718. The court, in the exercise of its discretion, was not required to limit its consideration to the final delay which occurred after the filing of the reply. The court was entitled to consider the entire record of the case and the diligence or want thereof exercised by the plaintiff throughout the proceeding. Each case must be decided after consideration of the particular facts involved, but it must be remembered that the discretion heretofore mentioned is that of the trial court and not of this court. The decision will be affirmed in the absence of a showing of manifest abuse of discretion.

■ Our conclusion is that the trial court did not abuse its discretion in dismissing the case for want of prosecution. That order was entered on 27 January 1953. On the second day of February 1953 the plaintiff filed a motion to reinstate the action. From the supporting affidavit of the plaintiff it appears that no notice was sent by the clerk advising the plaintiff or his attorney that the case would be dismissed for want of prosecution under the provisions of ORS 18.260. The power of the court to dismiss was not dependent upon compliance with that statute. Counsel for the plaintiff acknowledged service of the motion to dismiss.

■ The remaining question for decision is whether the court erred in denying the motion to reinstate after having properly dismissed the case for want of prosecution. The affidavit states

"That on account of the congested condition of the courts my attorney was under the impres-

sion that when said case was reached it would be placed on the docket for trial and he would be notified, but had this case been set down for trial earlier than December 1952 it would have been necessary for me to ask for an extension of time as my most important witness was in the Orient and did not return until December 1952.''

There is no showing as to when the witness left for the Orient or where he was upon his return or whether he was available or what he would have testified to. This affidavit of the plaintiff is the only one filed in support of the motion to reinstate. The plaintiff, in his affidavit, attempts to incorporate by reference an affidavit of his attorney which was filed before the filing of the motion to reinstate. Without reference to the irregularity of this attempt to incorporate one man's affidavit into that of another, we hold that the affidavit of plaintiff's attorney adds nothing new and material to the record.

The order dismissing the case and the order denying the motion to reinstate are affirmed.