Argued March 3, affirmed April 20, 1960

# HORN *v.* CALIFORNIA-OREGON POWER COMPANY ET AL

351 P. 2d 80

*A. C. Yaden*, Klamath Falls, argued the cause and filed the brief for appellant.

*James H. Clarke*, Portland, argued the cause for respondents Southern Pacific Company and Central Pacific Railway Company and Theodore R. Hughey. With him on the brief were Koerner, Young, McColloch & Dezendorf, Portland.

*Malcolm T. Dungan*, San Francisco, California, argued the cause for respondents California-Oregon Power Company, The California Oregon Power Company, J. C. Boyle, S. I. Ritchey and L. W. Hutchinson. With him on the brief were Maxwell & Goddard, Klamath Falls, and Brobeck, Phleger & Harrison, San Francisco.

Before McAllister, Chief Justice, and Rossman, O'Connell and Holman, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff, Henrietta Horn, from a judgment which the circuit court for Klamath County entered on May 29, 1958. The judgment dismissed an action which the plaintiff instituted April 15, 1955, and stated as the reason upon which it was grounded the following: "want of prosecution."

The plaintiff presents a single assignment of error; it reads: "The Court erred in allowing the motion to dismiss."

The defendants in the action were California-Oregon Power Company, The California Oregon Power Company, Southern Pacific Company, Central Pacific Railway Company, J. C. Boyle, S. I. Ritchey, L. W. Hutchinson and Theodore R. Hughey.

According to the complaint, the plaintiff owned a parcel of real property near Algoma in Klamath County which was adequately protected by a dike, built in 1908, from the water of Upper Klamath Lake. The plaintiff avers that in 1923 the California-Oregon Power Company built a dam which raised the waters of the lake to an artificial height and in 1931 not only weakened the dike that protected the plaintiff's property but also brought the water to an unnatural level. In 1939 all of the defendants, with the exception of S. I. Ritchey, according to further averments of the complaint, deepened a culvert under a railroad embankment of the Central Pacific Railway Company and thereby greater volumes of water flowed through the culvert against the weakened dike. The complaint further alleges that in April of 1953 the power companies "raised the said lake water to an artificial height." At that juncture "the said dike was broken, washed out and destroyed," so the complaint states, and water rushed in upon the plaintiff's lands. The foregoing is but a brief synopsis of the complaint. The latter lists many elements of damage and prays awards of $15,875.55, $2,000.00 and $400.00.

May 6, 1955, the defendants L. W. Hutchinson, S. I. Ritchey, J. C. Boyle and the two power companies filed motions to strike and to make definite parts of the complaint. On the same day the railroad companies, together with the defendant Theodore R. Hughey, filed demurrers. Thus, within 22 days after the complaint was filed all defendants had appeared by motion or demurrer. The motions and demurrers are still pending.

September 1, 1957, the clerk of the circuit court for Klamath County served upon the plaintiff a notice of the kind for which ORS 18.260 makes provision. That section of our law says that not less than 60 days

prior to the first regular motion day in each calendar year:

> "* * * the clerk of the court shall mail notice to the attorneys of record in each pending case in which no action has been taken for one year immediately prior to the mailing of such notice, that each such case will be dismissed by the court for want of prosecution, unless on or before such first regular motion day application, either oral or written, is made to the court and good cause shown why it should be continued as a pending case. * * *"

The section adds:

> "* * * Nothing contained in this section shall prevent the dismissing at any time, for want of prosecution, of any suit, action or proceeding upon motion of any party thereto."

When the clerk's notice was served (September 1, 1957) two years, three months and twenty-five days had passed since all defendants had made appearances through the filing of motions and demurrers. In the elapsed time nothing whatever had been done with the case. September 6, 1957, plaintiff's counsel served upon the defendants and then filed a motion reading:

> "Comes now the plaintiff in the above entitled action and moves for continuance herein, and in support of such motion recites and shows, that said cause is now pending on four motions and three demurrers, and that it will require some considerable time to hear said motions and demurrers, and that such time for hearing should be at the convenience of the court and the attorneys and the continuance now herein moved for is for such purpose."

The plaintiff did not ask at that time that the motion be set for argument, nor in any other way bring it to the attention of the court. No affidavit accompanied the motion.

February 3, 1958, the Honorable David R. Vanden-

berg, Judge of the circuit court for Klamath County, called the docket of his court and at that time plaintiff's counsel made an ex parte application that a time be set for a hearing upon the motions and demurrers. The court named March 4, 1958, as the time.

February 19, 1958, the two power companies, together with the defendants J. C. Boyle and S. I. Ritchey, moved to dismiss the action for want of prosecution. February 25, 1958, the two railroad companies and the defendant Theodore R. Hughey likewise moved to dismiss the action for want of prosecution. The two motions are substantially alike—one of them reads:

"Come now defendants [naming them] * * * and move the Court to dismiss this action with prejudice and with costs to the defendants upon the ground of want of prosecution. At the hearing upon the foregoing motion, said defendants will contend that plaintiff has failed to prosecute the action with due diligence, in that plaintiff neglected to take any action for a period exceeding two years and eight months between the filing of defendants' motion to strike portions of the complaint, which motion was filed on May 6, 1955, and plaintiff's motion to set, filed on February 3, 1958; and that as a matter of law said delay and lapse of time constitute a want of prosecution, warranting dismissal of the cause."

March 4, 1958, the court heard the parties upon the motions and the demurrers; and May 29, 1958, entered the order of dismissal which is under attack in this appeal.

Before leaving the time schedule it may not be amiss to take note of one more incident of that character. In our brief review of the complaint we noted that according to that pleading wrongful action of the defendants caused the dike to break on April 16, 1953.

The complaint was not filed until April 15, 1955. Assuming that the section of our statute of limitations which is applicable to this case granted to the plaintiff two years in which to file her action, it therefore appears that she waited until only one day remained for the filing of her complaint. Of course, it may be that the full effect of the invading waters was not completed on April 16, 1953. In any event, the plaintiff waited until almost two years had passed after the dike broke before she instituted this action. Accordingly, when this decision is written seven years have passed since the dike gave way.

Before the matters were presented to Judge Vandenberg on March 4, 1958, the parties had stipulated that "hearing on the separate demurrers filed by said defendants in the above-entitled action shall be held in abeyance until after decision" of the motions.

When Judge Vandenberg, on March 4, 1958, heard the arguments on the various motions two years, nine months and twenty-nine days had passed since they were filed.

■ Virtually all courts rule that they have inherent power to dismiss cases if failure to prosecute with due diligence is established. *Hyde v. Velvin*, 212 Or 73, 318 P2d 269; *Bock v. Portland Gas & Coke Co.*, 202 Or 609, 277 P2d 758; *City of Reedsport v. Hubbard*, 202 Or 370, 274 P2d 248; *Kaufman v. Oregonian Pub. Co.*, 195 Or 164, 245 P2d 237; 27 CJS, Dismissal and Non-suit, § 65 (1)b, p 430 and 17 Am. Jur., Dismissal, Etc., § 77, p 151.

We believe that Judge Vandenberg dismissed the action upon the motions that the defendants had filed and that he did not resort to the course authorized by ORS 18.260, supra. After the defendants had filed their motions for dismissal the plaintiff did not present

any affidavit explaining her long delay. No claim was made, so far as the record indicates, that sickness, the absence of a witness, the lack of engineering skill or some other contingency had made it impossible for the plaintiff to have proceeded with her case. Likewise, no affidavit or other showing was made that the case had merit. Although preceding paragraphs more than once mention the length of the period of delay, we do not imply that a longer period is of necessity more convincing than a shorter one. Justice should be administered with reasonable promptness and any action upon the part of a suitor which is at variance with that objective must be given consideration whether the procrastination is of long duration or short. The issue of due diligence generally can not be determined by doing nothing more than counting the days that have passed. Illness, the absence of a witness, prejudice to the defendant, the impending decision of a similar case in another court and other similar factors must generally be considered in addition to the length of the delay in resolving the issue of due diligence.

■■ Obviously motions for the dismissal of actions for want of prosecution are addressed to the discretion of the circuit court. The discretion which is involved is that of the trial court, and not that of this court. *Bock v. Portland Gas & Coke Co.*, 202 Or 609, 277 P2d 758. In the decision just cited this court said:

"\* \* \* it must be remembered that the discretion heretofore mentioned is that of the trial court and not of this court."

The circuit court has power to make inquiries of the parties so that its decision will represent an enlightened and just exercise of its power. Appellate courts interfere only in the event that an abuse of the trial court's discretion is manifest.

■■ Even though the defendants did not accompany their motions which sought dismissal with a showing of prejudice, such a showing was not essential. *Bock v. Portland Gas & Coke Co.*, supra. In the case just cited this court said: "Injury is presumed from unreasonable delay." Substantially the same rule is set forth in 27 CJS, Dismissal and Nonsuit, § 65(2), p 440, where it is said, "the law will presume injury from an unreasonable delay." By presuming injury the law casts upon the plaintiff the burden of coming forth with excuse and explanation. In short, the plaintiff must not only rebut the presumption of injury but also excuse or justify his delay.

■ Accordingly, when the plaintiff came to the hearing of March 4, 1958, she knew that she was confronted with the duty of explaining her long delay. She also knew that the court would presume that her dilatory course had injured the defendants. We take the following from 27 CJS, Dismissal and. Nonsuit, § 71(d), p 464:

> "* * * On a motion to dismiss for want of prosecution, a presumption of want of diligence arises from a long lapse of time in bringing the action to trial, and plaintiff has the burden of showing a reasonable excuse for the delay, buttressed by an affidavit of merits * * *. Presumptions unwarranted by the record will not be indulged in order to excuse plaintiff's delay; and belated diligence, subsequent to a motion to dismiss, does not excuse past neglect. * * *"

We add that the plaintiff has offered no "affivadit of merits." Likewise, the plaintiff did not renew her interest in the case until the court, through its clerk, threatened to dismiss the action.

■ We noticed, when we quoted from ORS 18.260, that it prescribes a course which a court may take with

a case which for more than a year has been the victim of undue delay. Although that section of our laws does not affect the inherent power of a court to dismiss cases which are not prosecuted with reasonable diligence, yet it may be viewed as revealing still further the public policy that "justice shall be administered without delay" (Oregon Constitution, Art I, § 10). Accordingly, a plaintiff who approaches the end of a year of unjustifiable procrastination with a case is warned of the danger that lies immediately ahead. He may be dealt with under ORS 18.260 or the court, in exercising its inherent power to deal with litigants who are guilty of lack of due diligence, may regard the period of one year, prescribed in ORS 18.260, as in the nature of a yard stick which helps to measure diligence or its lack. The mere fact that a plaintiff who is accused of inexcusable delay files a motion for a continuance—such as the plaintiff in the case at bar filed—can not be viewed as an automatic release from the predicament created by the delay for if the plaintiff could escape that easily from the exigency into which his slothful ways cast him, ORS 18.260 and the inherent power of the court to dismiss inactive cases would be stripped of their potency.

■ The delay in the case at bar can not be attributed to the defendants. The latter promptly filed their motions and demurrers. The plaintiff does not claim that those pleadings are frivolous. The responsibility of a defendant for the progress of a case is not the same as that of the plaintiff. The defendant must act with reasonable diligence in filing motions and demurrers, if he resorts to either or both, and he must not be guilty of undue delay in filing his answer. But the responsibility of seeing to it that the case is entered upon the docket for trial is that of the plaintiff.

March 4, 1958, when the plaintiff appeared before the trial judge and was confronted with the motions to dismiss, the trial judge was required to presume from the facts recounted in previous paragraphs that the plaintiff had been guilty of a want of due diligence in prosecuting her case. The trial judge was also required to presume that the plaintiff's lack of due diligence had injured the defendants. The plaintiff did nothing, so far as we can ascertain from the record, to overcome those presumptions.

■ The responsibility of seeing to it that cases move along with reasonable diligence is primarily that of the circuit court judge. An appellate court should be slow to interfere, and if it undertakes to overhaul the trial judge's exercise of discretion it should be in a position to point to something which constituted a plain abuse of discretion. In the case at bar the plaintiff has given us nothing whatever which shows abuse of discretion.

■ The plaintiff states correctly that the primary objective of all courts is the determination of cases upon their merits. However, when a case has been long neglected and no adequate excuse is offered for the neglect, an inference arises that the case lacks merit. Under those circumstances an affidavit or something of similar nature should be offered showing that the case actually possesses merit. Nothing of that kind is on file in this case. A party whose case is dismissed in the circuit court for lack of prosecution and who asks an appelate court to reverse the circuit court's order must see to it that the record contains something substantial which will justify the appellate court in reversing.

The challenged judgment is affirmed.