Argued May 7, affirmed June 26, 1968

ROSKOP, *Appellant, v.* TRENT ET AL,
*Respondents.*
443 P. 2d 174

*Rollin B. Wood,* McMinnville, argued the cause and filed briefs for appellant.

*James F. Spiekerman,* Portland, argued the cause for respondents. With him on the brief were Ridgway K. Foley, Jr., William G. Purdy, and Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, and Donald H. Turner, District Attorney, The Dalles.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

GOODWIN, J.

Plaintiff appeals a judgment for defendants in an action against a county sheriff and his deputy for injuries suffered while plaintiff was a prisoner in the county jail.

The evidence presented numerous questions for the jury. According to the plaintiff, he was forced into his cell with unnecessary brutality which resulted in a broken jaw. According to the defendants, the plaintiff, although conspicuously unruly, was subjected to no force at all until after he had twice kicked at the deputy who was trying to put him into a cell. The deputy admitted that he hit the plaintiff once with his fist after the plaintiff kicked at him. The injury apparently resulted from contact between the plaintiff's head and the interior of the cell.

The first three assignments of error challenge the

pleading foundation for the submission to the jury of the defendants' theory of self-defense.

During the trial, the defendants were allowed to interline their answer to read:

"[A]ny injuries sustained by plaintiff at the time and place set forth in his complaint were proximately caused by plaintiff's own conduct in wrongfully, unlawfully and violently striking and attempting to strike and batter Defendant Jack Robertson and *requiring defendant Robertson to defend himself.*" (The italicized language was written into the pleading during the trial in place of prior language which had alleged contributory negligence.)

■ We find no abuse of discretion in permitting the challenged amendment. The original language of the answer put the plaintiff on notice that self-defense was to be an issue. The additional language, however, would have been within the scope of permissible amendment under ORS 16.390 even if it had introduced a new defense. *Davis v. Hannon,* 30 Or 192, 46 P 785 (1896); *Garrison v. Goodale,* 23 Or 307, 31 P 709 (1892).

■ Since there was a pleading foundation for the evidence concerning self-defense, both before and after the amendment, there was no error in receiving the evidence.

■ The assignment of error challenging the taking of testimony which described the plaintiff's character when intoxicated likewise must fail because the pleadings alleged that he was the aggressor and evidence of his character became relevant upon that issue. *Rich v. Cooper,* 234 Or 300, 380 P2d 613 (1963); *Linkhart v. Savely,* 190 Or 484, 227 P2d 187 (1951). And see Annotation, 1 ALR3d 571 (1965).

■■ Finally, an assignment which challenges the trial court's refusal to allow a change of venue must be disregarded for two reasons: the remedy for an erroneous refusal to change the venue is by way of mandamus, *Mack Trucks, Inc. v. Taylor,* 227 Or 376, 362 P2d 364 (1961); in any event, the record reveals no reason to infer that the plaintiff was unable to receive a fair trial in the county in which ORS 14.050 (2) required the action to be brought.

Affirmed.