Argued February 3, affirmed March 10, 1971

LORRAINE DOWNEY, *Appellant, v.* LONG,
*Respondent.*

PETER J. DOWNEY, *Appellant, v.* LONG,
*Respondent.*

482 P2d 162

*Merlin Estep,* Salem, argued the cause for appellants. With him on the briefs were Estep & Daniels, Salem.

*George M. Joseph,* Portland, argued the cause for respondent. With him on briefs were Morrison & Bailey, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

HOWELL, J.

The above cases were consolidated for argument, and, as they involve the same issue, they will be considered together for purposes of this decision.

Plaintiffs appeal from orders dismissing the cases for want of prosecution and contend that the trial court abused its discretion in doing so.

On April 29, 1965, plaintiff Lorraine Downey filed a complaint in the circuit court for Lincoln county and alleged malpractice against the defendant, a physician and surgeon. An amended complaint was filed on August 18, 1966, and a motion to strike was allowed on October 18, 1966. A second amended complaint was filed on November 15, 1966. Another motion to strike was filed on January 15, 1968, and allowed on February 8, 1968. The last order allowed the plaintiff ten days to plead further. Plaintiff filed a third amended complaint on January 2, 1970, almost two years from the previous order allowing ten days to file the third amended complaint. Plaintiff admits that the third amended complaint contained "essentially the same matters as the original complaint." The trial court, "pursuant to the court's own

notice" to counsel, held a hearing on whether the case should be dismissed for lack of prosecution. An order of dismissal was entered on February 2, 1970.

The complaint in the Peter Downey case, alleging loss of consortium against the same defendant, was filed on August 18, 1966. Subsequently, an amended complaint was filed and a motion to strike was allowed on February 8, 1968. The order sustaining the motion allowed plaintiff ten days to plead further. Again after almost two years, a second amended complaint was filed on January 2, 1970. This complaint was also dismissed by the circuit judge on February 2, 1970.

In *Reed v. First Nat. Bank of Gardiner*, 194 Or 45, 241 P2d 109 (1952), we stated:

> "Public policy demands that actions be diligently prosecuted. It is a duty of the plaintiff to prosecute his case with due diligence, and, if he fails in this duty, the consequences are the same as though no action had been begun. For a failure of plaintiff to perform his duty in the respects noted, the action may be dismissed for want of prosecution." 194 Or at 55.

■■ The law is well established that, wholly independent of statutory provisions, the trial court has the inherent power to dismiss an action for want of prosecution; the trial court's dismissal will not be disturbed unless the court abused its judicial discretion. *Longyear, Admx. v. Edwards*, 217 Or 314, 342 P2d 762 (1959).

■ In the Lorraine Downey case, almost five years had elapsed from the time of the filing of the first complaint until the third amended complaint was filed. When filed it was "essentially" the same as the first

complaint. In both cases, almost two years elapsed from the time the court allowed plaintiffs ten days to file amended complaints until such complaints were filed.

Obviously, under these circumstances, the trial court, who is charged with the duty to keep his docket as current as possible, did not abuse his discretion in dismissing both cases for lack of prosecution.

Affirmed.