Argued September 11, 1972, affirmed February 1, 1973

LEE, *Appellant, v.* BROWN, *Respondent.*
505 P2d 924

*Warren Cameron,* Seattle, Washington, argued the cause for appellant. With him on the briefs was Alberta Heffron, Salem.

*John R. Sidman,* Portland, argued the cause and filed a brief for respondent.

BRYSON, J.

On June 15, 1970, plaintiff filed this action against the defendant demanding general and special damages. On October 20, 1971, the case was at issue on the pleadings.

ORS 3.380 provides:

> "The judges * * * of the circuit court of a judicial district described in ORS 3.310 [Multnomah County Circuit Court, Fourth Judicial District] may jointly make and promulgate all rules and regulations necessary and convenient to facilitate the transaction of the judicial business of the circuit court. * * *"

In accordance with rules 4.03 and 4.05(1) of the Circuit Court, Fourth Judicial District, the case was placed on the civil trial calendar for trial on Monday, November 8, 1971. The case was called for assignment to a trial judge at 9 a.m. on Friday, November 5, 1971. It appears from the record that counsel for plaintiff did not attend the "daily call." The presiding judge assigned the case to Judge JOHN C. BEATTY, JR., for trial, to begin Monday, November 8, at 2 p.m., and the trial court received the daily assignment slip and the case file from the court clerk. The court examined the pleadings and noting that they were quite lengthy, advised both counsel on Friday afternoon that he would like to have a pretrial conference (Rule 6.00, Fourth

Judicial District) at 9 a.m. on November 8. On Monday morning when both counsel and parties and witnesses under subpoena were present, the plaintiff filed a motion and supporting affidavits for change of venue. Plaintiff's affidavit, in part, alleged that Judge WILLIAM DALE, JR., was prejudiced against her and "that his influence and power as presiding judge over the judges of Multnomah County, and the handling and management of this case is so great that I cannot have a fair trial in Multnomah County * * *."

The motion for change of venue was timely filed pursuant to ORS 14.120. Plaintiff, in support of the motion, relied upon ORS 14.110, which provides:

"(1) The court or judge thereof may change the place of trial, on the motion of either party to an action or suit, when it appears from the affidavit of such party that the motion is not made for the purpose of delay and, either:

"* * * * *.

"(d) In an action, that the judge or the inhabitants of the county are so prejudiced against the party making the motion that he cannot expect an impartial trial before said judge or in said county, as the case may be.

"* * * * *."

The trial court denied the motion for change of venue. It should be noted that the motion and the affidavits supporting the same do not state that Judge BEATTY or the inhabitants of the county are prejudiced against the plaintiff but, rather, states that Judge DALE was prejudiced against her. At this point of the proceeding Judge DALE had nothing to do with the case as it had been assigned to Judge BEATTY for trial. Plaintiff's counsel then stated:

"In view of the refusal of the motion to change

the venue, it's her [plaintiff's] instructions to us, acting for her, to file forthwith an appeal for mandamus in the Supreme Court of Oregon.

"Accordingly, these papers are to be prepared and ready to be presented for your acceptance, sir.

"THE COURT: Well, until that petition is filed, I assume it's of no further force and effect until the petition for mandamus is filed, and action taken by the Supreme Court.

"We will continue with our proceedings in this court."

Counsel for plaintiff refused to participate in the preparation of a pretrial order and stated to the court, "we are not going to trial at this time." Plaintiff forthwith filed in this court a petition for an alternative writ of mandamus to compel Judges DALE and BEATTY to issue an order to change the venue of the within case to Clackamas County. We denied the petition on November 30, 1971.

On motion of the defendant, the trial court entered the following Order and Judgment of Dismissal:

"Plaintiff in open court through her attorneys of record, having refused to proceed with trial in this department upon the date, time and place assigned for trial, and having refused to request the Presiding Judge for reassignment to another trial department, despite assurance that such assignment would be made upon request, and the Court having delivered its opinion and having made findings;

"Under ORS 18.230, under ORS 18.260, upon motion by defendant, and under the Court's common law power on its own motion to dismiss a case where a party refused to proceed with trial: IT IS HEREBY ORDERED, ADJUDGED and DECREED that the above cause be, and the same is, hereby dismissed, and that judgment be entered against plain-

tiff and in favor of defendant and that defendant have and recover his costs taxed at $————.

"DATED at Portland, Oregon, this 17th day of November, 1971.

/s/   J. C. Beatty
CIRCUIT JUDGE"

Plaintiff appeals from the order of dismissal.

██ Plaintiff designates numerous assignments of error. The most fundamental one is her contention that

"THE JURISDICTION OF THE LOWER COURT WAS SUSPENDED ON THE PROPER NOVEMBER 8 SERVICE AND THE NOVEMBER 9 at 8:30 A.M. FILING OF THE PETITION FOR WRIT OF MANDAMUS IN THE SUPREME COURT, AND ALL PROCEEDINGS AFTER 8:30 A.M. ON ON [sic] NOVEMBER 9 IN JUDGE BEATTY'S COURT WERE VOID AND WITHOUT JURISDICTION."

Plaintiff correctly contends that the remedy for an erroneous refusal to grant a change of venue is by way of petition for writ of mandamus. *Roskop v. Trent,* 250 Or 397, 400, 443 P2d 174 (1968). However, no cases are cited for the proposition that the jurisdiction of the lower court is suspended upon filing a petition for writ of mandamus against the judges of that court. We have not previously spoken on the subject. Mandamus is an extraordinary remedy at law to which the rules of procedure relating to actions at law are applicable. *Buell v. Jefferson County Court,* 175 Or 402, 408, 152 P2d 578 (1944); ORS 34.130, 34.190.

██ The mandamus proceeding was in no sense an appeal from or a proceeding ancillary to this case which was at issue in Multnomah County. The parties and issues involved and the relief sought in mandamus

were different from those involved in the pending action. The importance of these distinctions is not diminished by the fact that the outcome of the mandamus proceeding could have had a substantial impact on the outcome of the action before Judge BEATTY. We hold that the mere pendency of a mandamus proceeding does not of itself deprive the trial court in the initial proceeding of its jurisdiction to go forward with the case unless this court, on the petition for writ of mandamus, specifically orders the stay of the proceeding in the lower court or grants other affirmative relief effecting such a result.

The plaintiff also contends that the trial court erred in entering an order and judgment of dismissal with prejudice under ORS 18.230, 18.260 or "under any claimed common law powers" and that the order of dismissal was an abuse of discretion.

■ The order and judgment of dismissal, as previously set forth, does not decree that the case was dismissed "with prejudice," as contended by the plaintiff. The judgment entered did not determine any of the issues framed by the pleadings and did not bar another action for the same cause. An order of dismissal of an action signifies, not a final judgment on the controversy, but an ending of that particular proceeding. *Mills v. Feiock,* 229 Or 618, 623, 368 P2d 327 (1962); *White v. Pacific Tel. & Tel. Co.,* 168 Or 371, 376, 123 P2d 193 (1942).

The court based its order of dismissal on ORS 18.230, 18.260, and "the Court's common law power." We agree with plaintiff that ORS 18.230 does not apply. ORS 18.260 generally provides for the giving of notice and the dismissing of cases "in which no action has been taken for one year." It further provides,

"nothing contained in this section shall prevent the dismissing at any time, for want of prosecution, of any suit, action or proceeding upon motion of any party thereto." We find no statutory provision that deals specifically with the situation where counsel arbitrarily refuses to go to trial. It is understandable that there are few cases and little law on the matter. Of course, plaintiff's counsel was proceeding under the mistaken concept that the filing of the petition for writ of mandamus in this court stayed the action at the trial court level.

This court has consistently held that the manner of conducting the trial of a cause must be left to the discretion of the trial judge, assuming that this discretion is not arbitrarily exercised. *Thomas v. Foglio,* 231 Or 187, 191, 371 P2d 693 (1962).

> "* * * The manner of conducting a trial rests in the sound discretion of the trial court and we can not say that there was any abuse of that discretion in this case. [Citations omitted.]" *Phillips, Gdn. v. Creighton, Adm.,* 211 Or 645, 649, 316 P2d 302 (1957).

In *Diment v. Bloom,* 67 Minn 111, 69 NW 700 (1897), the plaintiff failed to appear at the time appointed for his trial. The trial court entered judgment on the merits for defendant. The Supreme Court of Minnesota reversed, stating that "it was error for the court to order any judgment but that of dismissal." *Id.* at 112, 69 NW at 701.

In *Hineline v. Minneapolis Honeywell Regulator Co.,* 78 F2d 854 (8th Cir 1935), plaintiff's case was called and plaintiff announced the case for trial. When the case was assigned out for trial, plaintiff stated that he could not proceed to trial. Upon the defendant's

motion, the case was ordered dismissed without prejudice. Concerning the propriety of this handling of the case, the court for the Eighth Circuit stated:

"*  *  * Upon the plaintiff's refusal to proceed the first time, the court had no power to do anything except dismiss without prejudice. *  *  *" *Id.* at 857 (Citations omitted.)

In *Reed v. First Nat. Bank of Gardiner,* 194 Or 45, 55, 241 P2d 109 (1952), we stated:

"Public policy demands that actions be diligently prosecuted. It is a duty of the plaintiff to prosecute his case with due diligence, and, if he fails in this duty, the consequences are the same as though no action had been begun. For a failure of plaintiff to perform his duty in the respects noted, the action may be dismissed for want of prosecution.

"It is well established by the overwhelming weight of authority that the power of a court to dismiss an action for want of prosecution is an inherent power, and it exists independently of statute or rule of court. *  *  *"

To the same effect, *see Pemberton v. Pemberton,* 230 Or 190, 193, 369 P2d 276 (1962), and cases cited therein.

In *Downey v. Long,* 258 Or 197, 199, 482 P2d 162 (1971), we held:

"The law is well established that, wholly independent of statutory provisions, the trial court has the inherent power to dismiss an action for want of prosecution; the trial court's dismissal will not be disturbed unless the court abused its judicial discretion. *Longyear, Admx. v. Edwards,* 217 Or 314, 342 P2d 762 (1959)."

■ It is a matter of semantics to say there is a distinction between a party failing to prosecute his case and one refusing to go to trial when the case is as-

signed for trial and the attorneys, parties, and witnesses are present in the courtroom. The record in this case demonstrates that the trial judge did everything within his power to encourage the plaintiff to proceed with the trial of the case. There is no evidence that he abused his discretion in entering the order of dismissal.

The plaintiff also contends that the trial court erred in failing to acknowledge plaintiff's right to a jury trial. There is no substance to this assignment of error. The record shows that the trial judge, on three occasions, advised the plaintiff that she would have a jury trial on the facts.

We have examined plaintiff's other assignments of error, some repetitious of those we have written to, and deem them not relevant to this appeal.

Affirmed.