Argued October·8, affirmed December 12, 1974

## HOWSER, *Appellant, v.* BEN DIERKS LUMBER CO., INC., *Respondent.*

528 P2d 1341

*William A. Mansfield,* Medford, argued the cause and filed a brief for appellant.

*Donald F. Myrick,* Grants Pass, argued the cause

for respondent. On the brief were Myrick, Coulter, Seagraves & Nealy.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE and HOWELL, Justices, and SLOPER and LEAVY, Justices pro tempore.

McALLISTER, J.

The trial court dismissed this action for lack of prosecution. Plaintiff appeals—we affirm.

On May 22, 1969, the plaintiff filed this action in Josephine County for damages sustained because defendant breached a contract with plaintiff. The plaintiff alleged that he agreed to sell to defendant the timber standing on certain land in Del Norte County, California. Plaintiff further alleged that to facilitate the removal of the timber he deeded the property to defendant on condition that defendant, after removing the timber, would reconvey the property to plaintiff. The defendant did not reconvey the property after removing the timber and plaintiff brought this action praying for damages in the sum of $16,000 and attorney fees.

On February 11, 1974 the court dismissed the action for want of prosecution.

The chronological history of the case is as follows:

| 22 May 1969 | Complaint filed |
| 2 June 1969 | Motion to make complaint more definite and certain and to strike |
| 16 June 1969 | Memorandum in opposition to motions |
| 16 June 1969 | Order on motion allowed in part. Plaintiff given 10 days within which to further plead |

| | | |
|---|---|---|
| 29 Sept 1969 | First amended complaint filed |
| 21 Nov 1969 | Motion to strike portions of plaintiff's amended complaint |
| 2 Dec 1969 | Memorandum in opposition to motion |
| 3 Dec 1969 | Motion, per ORS 9.340, for an order requiring plaintiff's counsel to prove their authority to act as plaintiff's counsel |
| 10 Dec 1969 | Order granting motion under ORS 9.340 |
| 11 Mar 1970 | Notice advising defendant's counsel that counsel for plaintiff intended to request that he be relieved as plaintiff's counsel on March 16, 1970 |
| 16 Mar 1970 | Plaintiff, in propria persona, files motion for additional time (90 days) |
| 16 Mar 1970 | Order permitting withdrawal of plaintiff's attorneys |
| 6 July 1970 | Plaintiff's motion for an order extending time from July 1, 1970 to October 1, 1970 in order to file substitution of attorneys and obtain different legal counsel |
| 6 July 1970 | Order allowing plaintiff's motion for an extension of time from July 1, 1970 until October 1, 1970 |
| 7 July 1970 | Plaintiff's affidavit for an extension of time from July 1, 1970 to October 1, 1970 |
| 4 Oct 1971 | Order denying defendant's motion to strike plaintiff's amended complaint |
| 4 Oct 1971 | Plaintiff's substitution of attorneys |
| 28 Aug 1972 | Motion for leave to withdraw as plaintiff's attorney |

| | | |
|---|---|---|
| 28 Aug 1972 | Order permitting withdrawal of attorneys and order substituting plaintiff as attorney pro se |
| 29 Sept 1972 | Plaintiff, in propria persona, moves court for an order extending time from Sept. 30, 1972 to Sept. 30, 1973 due to illness and attempt to reach a settlement |
| 9 Oct 1972 | Plaintiff, in propria persona, moves court for an order extending time from Sept. 30, 1972 to Dec. 30, 1972 |
| 9 Oct 1972 | Order denying plaintiff's motion |
| 12 Oct 1972 | Demurrer to amended complaint |
| 20 Oct 1972 | Opposition to demurrer with memorandum of points and authorities |
| 24 Oct 1972 | Application for entry of default judgment against defendant |
| 1 Dec 1972 | Motion to disqualify circuit judge (filed by plaintiff's attorney) |
| 4 Dec 1972 | Order sustaining demurrer. Plaintiff granted 10 days within which to further plead |
| 12 Dec 1972 | Plaintiff's motion for leave to withdraw as his own attorney |
| 13 Dec 1972 | Order permitting withdrawal of attorney |
| 17 Jan 1974 | Notice of dismissal advising parties that cause would be dismissed within 30 days on court's own motion for want of prosecution "unless a good and sufficient showing of record is made to the Court for continuing it upon the docket." |
| 31 Jan 1974 | Plaintiff's substitution of attorneys |
| 31 Jan 1974 | Second amended complaint filed |
| 1 Feb 1974 | Motion of defendant and memorandum filed |

7  Feb 1974  Motion to continue action upon the docket

11  Feb 1974  Order of dismissal

20  Feb 1974  Notice of appeal

The sole issue is whether the trial court abused its discretion in dismissing plaintiff's action for lack of prosecution.

ORS 18.260① is an expression of the public policy that suits and actions which are not prosecuted with reasonable diligence should be dismissed. *Pemberton v. Pemberton,* 230 Or 190, 193, 369 P2d 276 (1962) and cases cited therein.

■ In addition to the power vested in it by statute a trial court has inherent power to dismiss an action for want of prosecution. *Lee v. Brown,* 264 Or 341, 505 P2d 924 (1973); *Downey v. Long,* 258 Or 197, 482 P2d 162 (1971); *Pemberton v. Pemberton,* supra; *Horn v. Calif.-Ore. Power Co. et al,* 221 Or 328, 351 P2d 80 (1960); *Longyear, Admx. v. Edwards,* 217 Or 314, 342 P2d 762 (1959); *Smith v. DeKraay,* 217 Or 436, 342 P2d 784 (1959); *Hyde et ux v. Velvin,* 212 Or 73, 318 P2d 269 (1957); *City of Reedsport v. Hubbard et ux,* 202 Or 370, 274 P2d 248 (1954); *Bock v. Portland Gas*

---

①

"Not less than 60 days prior to the first regular motion day in each calendar year, unless the court has sent an earlier notice on its own motion, the clerk of the court shall mail notice to the attorneys of record in each pending case in which no action has been taken for one year immediately prior to the mailing of such notice, that each such case will be dismissed by the court for want of prosecution, unless on or before such first regular motion day application, either oral or written, is made to the court and good cause shown why it should be continued as a pending case. If such application is not made or good cause shown, the court shall dismiss each such case. Nothing contained in this section shall prevent the dismissing at any time, for want of prosecution, of any suit, action or proceeding upon motion of any party thereto."

*and Coke Co.,* 202 Or 609, 277 P2d 758 (1954); *Kaufman v. Oregonian Pub. Co.,* 195 Or 164, 245 P2d 237 (1952); *Reed v. First Nat. Bank of Gardiner,* 194 Or 45, 241 P2d 109 (1952); 24 Am Jur 2d 49, Dismissal, Discontinuance, and Nonsuit § 59; 27 CJS 430, Dismissal & Nonsuit § 65 (1) b.

■ The dismissal of an action by the trial court for want of diligent prosecution will be reversed only if the court has abused its discretion. *Reed v. First Nat. Bank of Gardiner,* supra, 194 Or at 57; *Bock v. Portland Gas and Coke Co.,* supra, 202 Or at 616; *Horn v. Calif.-Ore. Power Co. et al,* supra, 221 Or at 338.

■ An analysis of the chronological history of this case will disclose that there is no evidence of delay on the part of defendant. Plaintiff himself was grossly dilatory. Over a period of almost five years between the filing of the action and its dismissal, plaintiff, on a number of occasions failed to comply with the orders of the trial court.

On June 16, 1969 the court, in response to defendant's motion to strike and make more definite and certain, issued an order allowing defendant's motion in part and gave plaintiff ten days within which to further plead. However, plaintiff did not file his amended complaint until September 29, 1969, more than three months after the date upon which such pleadings were due.

On July 6, 1970 the court allowed plaintiff's request for a ninety day extension from July 1, 1970 to October 1, 1970. Other than filing a substitution of attorneys on October 4, 1971, plaintiff did nothing until September 29, 1972, approximately two years after his extension of time had expired, when he again

sought an order extending time from September 30, 1972 to September 30, 1973. There is no order in the record responding to this motion. However, on October 9, 1972 plaintiff again moved for an order extending time from September 30, 1972 to December 30, 1972. This motion was denied.

On or about October 12, 1972 defendant filed a demurrer to plaintiff's amended complaint and on December 4, 1972 the court entered an order sustaining defendant's demurrer and again gave plaintiff ten days within which to further plead. Again, plaintiff did not comply with this order.

More than 13 months elapsed before the court on January 17, 1974 notified the parties that the cause would be dismissed within 30 days *unless good cause was shown* for continuing the case upon its docket. Only then did plaintiff file another motion for substitution of attorneys and a second amended complaint.

Plaintiff contends that since the court gave notice to both parties that the action would be dismissed within 30 days unless a sufficient showing was made for continuing the case upon the docket the court had no discretion to dismiss the case prior to the expiration of this period. Plaintiff had made his showing, appeared in person and by his attorney. The court then decided that the showing was not sufficient and on his own motion dismissed the action. Plaintiff did not ask permission to make a further showing and has not pointed out in what manner he was prejudiced by an entry of the order before the expiration of 30 days. In any event the trial court had inherent power to dismiss and announced that it was dismissing the action sua sponte. See *Hyde et ux v. Velvin,* supra; *Horn v. Calif.-Ore. Power Co. et al,* supra, 221 Or at 336; 27

CJS 441, 464, Dismissal & Nonsuit § 65 (3) and § 71 (d).

It is questionable whether plaintiff's second amended complaint and motion to continue the action upon the docket were sufficient to show good cause why the action should be continued. As stated in *Horn v. Calif.-Ore. Power Co. et al*, supra, 221 Or at 337:

"* * * The mere fact that a plaintiff who is accused of inexcusable delay files a motion for a continuance * * * can not be viewed as an automatic release from the predicament created by the delay for if the plaintiff could escape that easily from the exigency into which his slothful ways cast him, * * * the inherent power of the court to dismiss inactive cases would be stripped of [its] potency."

It also appears that plaintiff's second amended complaint alleged substantially the same facts as those alleged in plaintiff's earlier complaints. Under these circumstances the court may well have found that the complaint did not provide any good cause to continue the case. See *Downey v. Long,* supra, 258 Or at 199-200:

"In the Lorraine Downey case, almost five years had elapsed from the time of the filing of the first complaint until the third amended complaint was filed. When filed it was 'essentially' the same as the first complaint. In both cases, almost two years elapsed from the time the court allowed plaintiffs ten days to file amended complaints until such complaints were filed.

"Obviously, under these circumstances, the trial court, who is charged with the duty to keep his docket as current as possible, did not abuse his discretion in dismissing both cases for lack of prosecution."

Since this case had been pending approximately

five years, we think the trial court did not abuse its discretion in dismissing this action for want of diligent prosecution. The trial court gave plaintiff an adequate opportunity to make a showing as to why the case should not be dismissed and after hearing and consideration of the showing made in response to the notice the court in its discretion concluded that no good cause was shown for continuing this action on its docket.

The judgment of the trial court is affirmed.