Argued June 20, affirmed July 30, 1979

STATE ex rel
STATE OF MISSOURI, et al,
*Appellants,*
*vs.*
HALEY,
*Respondent.*
(No. REC 10300, CA 13100)
597 P2d 1310

[369]

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for appellants. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Deane Sterndale Bennett, Portland, argued the cause for respondent. With him on the brief was William Bassett, Portland.

Before, Schwab, Chief Judge, and Lee, Gillette and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

This is a proceeding for child support under the Uniform Reciprocal Enforcement of Support Act. Plaintiffs seek a reversal of the trial court's order dismissing the petition. We affirm.

The petition was filed in Multnomah County on November 18, 1975. It alleged that the child was born on October 5, 1971. Defendant appeared at a hearing on December 11, 1975, and denied paternity. As a result of that hearing, the trial court entered an order recording the denial of paternity and ordering the Multnomah County District Attorney's Office to notify Missouri officials of the denial.

On September 10, 1978, plaintiff filed a motion for an order requiring defendant to appear and show cause why a trial date should not be set on a day certain.

On October 10, 1978, defendant filed a motion to dismiss[1] the petition on the grounds that plaintiffs had not filed filiation pleadings and that, the child being over six years of age, the proceedings were barred by the statute of limitations. ORS 109.125.

On December 6, 1978, the trial court heard oral arguments on defendant's motion to dismiss. At the commencement of the arguments the trial court said:

> "The real issue is whether or not upon Judge Lewis saying, 'Try the filiation matter' the absence of further pleadings constituted an abandonment during which abandonment time the statute ran, and that the waiting of three years is a factual abandonment of the order to show, and in 1978 it is in practical effect a new initiation after the de facto dismissal and after the running of the statute?"

At the conclusion of the arguments the trial court dismissed plaintiffs' petition for the following reasons:

---

[1] The motion could also be interpreted as including, as a ground, the dismissal of the petition for lack of prosecution.

"The Court feels that there has been a de facto abandonment necessarily after the expiration of the six-year period and there was institution of this proceeding after the statute of limitations had run; and, in consequence, the case may not be prosecuted because of the existence of the statute of limitations of six years."

Plaintiffs' motion to file an amended petition was denied. Plaintiffs appealed and assigned as the only error the granting by the trial court of defendant's motion to dismiss.

■ When the trial court made a finding that there was a "de facto abandonment" and allowed the motion to dismiss, the practical result was an order of dismissal for lack of prosecution. It was not necessary for the trial court to rule on the question of the statute of limitations except as to plaintiffs' motion to file an amended petition. That ruling has not been appealed.

■ A trial court has inherent power to dismiss an action for want of prosecution. *Howser v. Ben Dierks Lbr. Co.*, 270 Or 657, 528 P2d 1341 (1974); *Lee v. Brown*, 264 Or 341, 505 P2d 924 (1973); *Pemberton v. Pemberton*, 230 Or 190, 369 P2d 276 (1962); *Imhof v. Tillamook County*, 30 Or App 675, 567 P2d 1054 (1977).

■ In *Horn v. Calif-Ore Power Co.*, 221 Or 328, 351 P2d 80 (1960), the plaintiff filed her complaint for property damage on April 15, 1955. The defendant filed various motions as well as demurrers on May 6, 1955. The trial court called its docket on February 3, 1958, at which time the plaintiff made an ex parte application for a hearing on the pending motions and demurrers. On February 19 and 25, 1958, the defendants moved to dismiss the action for lack of prosecution. On May 4, 1958, the trial court heard defendants' demurrers and motions to the complaint and reserved rulings. On May 29, 1958, the order of dismissal was entered. The Supreme Court affirmed and at page 336 noted:

[372]

"Even though the defendants did not accompany their motions which sought dismissal with a showing of prejudice, such a showing was not essential. *Bock v. Portland Gas & Coke Co.*, * * *. In the case just cited this court said: 'Injury is presumed from unreasonable delay.' Substantially the same rule is set forth in 27 CJS, Dismissal and Nonsuit, § 65(2), p 440, where it is said, 'the law will presume injury from an unreasonable delay.' By presuming injury the law casts upon the plaintiff the burden of coming forth with excuse and explanation. In short, the plaintiff must not only rebut the presumption of injury but also excuse or justify his delay."

In *Bock v. Portland Gas & Coke Co.*, 202 Or 609, 277 P2d 758 (1954) the court said at page 616:

"Each case must be decided after consideration of the particular facts involved, but it must be remembered that the discretion heretofore mentioned is that of the trial court and not of this court. The decision will be affirmed in the absence of a showing of manifest abuse of discretion."

We find no abuse of discretion.

Affirmed.