Argued and submitted December 2, 1991, affirmed February 26, reconsideration denied May 13, petition for review denied June 23, 1992 (313 Or 354)

In the Matter of
Jim Henson, Snowflake Henson
and Ben Henson, Children.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
Jim Henson, Snowflake Henson
and Ben Henson,
*Respondents,*

*v.*

Margie HENSON,
*Appellant.*

(9001-80020 N, P & O; CA A68771)

826 P2d 118

Donald P. Roach, Portland, argued the cause and filed the brief for appellant.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent Juvenile Department of Multnomah County. With him on the brief were Dave

Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Peter Miller, Portland, argued the cause for respondents Jim Henson, Snowflake Henson and Ben Henson. With him on the brief was Knappenberger & Mendez, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Mother appeals a Juvenile Court order dismissing her motion for a rehearing on a previous order that made her children wards of the court. We review *de novo*, ORS 419.561(1), (5), and affirm.

On February 2, 1990, Children's Services Division (CSD) petitioned the court to investigate the welfare of three of mother's children, ages 10, 8 and 6. ORS 419.482. The referee held a hearing on May 10 and 11. ORS 419.581. The referee held that the children were within juvenile court jurisdiction, because mother and the children had no permanent home and because mother's stepson, who lived with her, was an untreated sexual offender who had physically abused two of the children and posed a threat to the other child. The referee made the children wards of the court and placed them in the temporary custody of CSD. On June 7, the referee entered a disposition order that continued court wardship of the children and approved a plan to place them with their two older siblings in the care of mother's half-sister in Arkansas. ORS 419.505.

After the dispositional hearing, mother and her stepson returned to Arkansas to attend unrelated court proceedings. On June 13, she requested a rehearing on the disposition order. ORS 419.581(3). On June 29, she wrote her attorney to ask when the rehearing might be scheduled. Some time later, the court clerk contacted mother's attorney to set a date for the rehearing. The attorney replied that he could not give the clerk a date, because he did not know when mother would return to Oregon and, because she did not have a telephone, he could not immediately contact her. Mother contacted her attorney again sometime in June or July. In July, her stepson was jailed in Arkansas and, thereafter, mother had no permanent address. In mid-September, mother's attorney went on vacation for four weeks. No date was set for the rehearing.

On October 15, the state moved to dismiss the rehearing request, which the court allowed:

> "Aside from the statute which appears at ORS 419.581 stating that such a [rehearing petition] must be filed in ten days, there are no procedures in the statute or in local or

state Court rules governing the process in terms of time limits, procedures, etc. for review of referees' decisions in the Juvenile Court by the Circuit Court.

"* * * * *

"The court finding [*sic*] that the procedures of the Juvenile Court are time limited in virtually all other aspects of the Court's work. There is a Court rule requiring a hearing on a Dependency Petition within sixty days of its filing, absent a waiver from the Court. It would appear to me to be an appropriate, in fact a generous standard to apply in this situation, that if a party filed a notice for a request for a rehearing has not moved forward on that request within sixty days of its filing * * *, it is reasonable to assume that that request has been abandoned."

■■ Mother assigns error to the court's dismissal of her request. The parties do not cite, and we do not find, a statute or court rule that prescribes when a rehearing must take place after the filing of a request. The court proceeded under its inherent authority to dismiss a proceeding for failure to prosecute it diligently. *See Howser v. Ben Dierks Lbr. Co.*, 270 Or 657, 661, 528 P2d 1341 (1974). Even though the state had petitioned for relief in the underlying action, *see Main Street Asset Corp. v. Cunningham*, 98 Or App 346, 349, 778 P2d 1003 (1989), it was mother who sought the rehearing. The burden is on the party seeking affirmative relief to prosecute the matter with reasonable diligence. *See Bock v. Portland Gas & Coke Co.*, 202 Or 609, 614, 277 P2d 758 (1954).

We review the court's ruling for abuse of discretion. *See Howser v. Ben Dierks Lbr. Co.*, *supra*, 270 Or at 662. Mother argues that she timely requested a rehearing, that the court was responsible for setting a date for it and that its failure to do so precluded it from retroactively imposing a 60-day limitation and finding that she had abandoned her request. However, when the court called her attorney to schedule a hearing, he was unable to give the court any date when she might be able to appear. Thereafter, he never responded to the court's open inquiry and never filed a motion seeking a delay. That the court might have succeeded in setting a hearing date by repeatedly inquiring does not excuse mother's lack of diligence. *See Bock v. Portland Gas & Coke Co.*, *supra*, 202 Or at 615. Only *after* the state filed the motion

to dismiss, she asserted that she could appear on any date with 3 weeks' advance notice.

Hearings and orders in dependency matters are supposed to be expedited under the juvenile code and the uniform and local court rules. Summons may be issued no later than 60 days after a petition alleging jurisdiction is filed with the court. ORS 419.486(1). An adjudicatory hearing determining jurisdiction must commence within 56 days after the summons. UTCR 11.030. A dispositional hearing must commence within 28 days after the court determines that a child is within the court's jurisdiction. UTCR 11.050. A petition for rehearing must be filed within 10 days after a disposition order. ORS 419.581(7). A request for a rehearing has priority "over all other matters before a judge in Juvenile Court." Multnomah County Supplementary Local Rule 11.035(2). The court acted reasonably in considering other deadlines related to juvenile court proceedings in connection with its determination whether to exercise its inherent authority to dismiss the rehearing request.

In the light of the expeditious nature of juvenile dependency matters under state law and court rules, and because more than four months had elapsed since mother had filed the request for rehearing, we conclude that the court did not abuse its discretion.

Mother failed to raise in the trial court the argument that she was denied due process. We will not consider it.

Affirmed.