Argued and submitted May 27, affirmed August 3, 1981

## HILSENBECK, dba Blueline
## Excavating Company,
### *Appellant,*

*v.*

## THE QUADRANT CORPORATION et al,
### *Respondents,*

## (No. 40-330, CA 19192)

632 P2d 19

Gerald R. Pullen, Portland, argued the cause and filed the brief for appellant.

James H. Clarke, Portland, argued the cause for respondents. With him on the brief were Edwin A. Harndon and Spears, Lubersky, Campbell & Bledsoe, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals from the trial court's order dismissing his action to foreclose a mechanic's lien. The motion to dismiss was based on ORCP 54.B(1)[1] and was predicated on plaintiff's failure to initiate arbitration proceedings pursuant to the trial court's order abating the action pending arbitration. ORS 33.240.[2] We affirm.

Defendants Quadrant Corporation and W. C. Bauman Company were the parties to a contract under which Bauman was the general contractor for improvements on Quadrant's property. Plaintiff was a subcontractor, and his lien is for labor and materials provided pursuant to the subcontract. The principal contract contains a provision requiring arbitration of "[a]ll claims, disputes and other matters in question between [Bauman and Quadrant]." The subcontract contains no arbitration provision, but requires the subcontractor

> "[t]o assume toward the CONTRACTOR, so far as the SUBCONTRACT work is concerned, all the obligations and responsibilities which the CONTRACTOR assumed toward the OWNER by the MAIN CONTRACT, which includes the general and special conditions thereof * * *."

The subcontract also provides:

> "If the MAIN CONTRACT permits a contracting officer, architect or arbitrator to make factual decisions binding the CONTRACTOR, the SUBCONTRACTOR shall also be bound."

---

[1] ORCP 54.B(1) provides:

"For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for a judgment of dismissal of an action or of any claim against such defendant."

[2] ORS 33.240 provides:

"If any action, suit or proceeding is brought upon any issue arising out of an agreement which contains a provision for arbitration of the matter in controversy in such action, suit or proceeding, then, upon application, any judge of a circuit court, upon being satisfied that the issue is referable to arbitration, shall abate the action, suit or proceeding so that arbitration may be had in accordance with the terms of the agreement. The application shall be heard similarly to hearings on motions."

In January, 1980, Bauman moved to abate the lien foreclosure action pending arbitration. The motion was allowed by the court on May 16. As pertinent, the order states "that defendant W. C. Bauman Co., Inc.'s Motion for Stay of Proceedings Pending Arbitration is granted." On July 16, Bauman moved for dismissal of the action on the following grounds, stated in its attorney's affidavit:

"* * * By Order dated May 16, 1980, the court granted defendant W. C. Bauman Co., Inc.'s motion for a stay of proceedings pending arbitration. In the two months which have elapsed since that date, plaintiff has failed to file any arbitration action on its claim.

"Defendant is entitled to judgment of dismissal for plaintiff's failure to prosecute this claim in an arbitration setting in compliance with the court Order."

The motion was allowed by order of September 25, 1980.

On appeal, plaintiff contends that the trial court erred both by abating the action and by dismissing it. Plaintiff's challenge to the abatement order is, generally, that the subcontract did not require arbitration of the dispute. Plaintiff contends that the order of dismissal was erroneous because (1) arbitration should not have been required in the first place, and any failure to initiate arbitration proceedings therefore did not warrant dismissal; (2) having ordered that the dispute be submitted to arbitration, the trial court was divested of "jurisdiction" to dismiss the action until arbitration had taken place; and (3) "[t]he court erred in dismissing plaintiff's complaint for failure to prosecute the arbitration within 60 days [following the abatement order]. This did not allow plaintiff a reasonable time to institute arbitration."

The first issue is whether we have authority to review plaintiff's challenge to the abatement order or his contention that the trial court erred by construing the relevant contractual provisions to require arbitration. In *Jackson v. Penny Duquette Knits,* 276 Or 465, 555 P2d 201 (1976), the Supreme Court overruled an earlier decision (upon which plaintiff nevertheless relies here) and held that an order of abatement under ORS 33.240 merely stays an action, but does not divest the trial court of jurisdiction

and is not an appealable order. More recently, in *Peter Kiewit v. Port of Portland,* 291 Or 49, 628 P2d 720 (1981), the court extended the *Jackson* holding to orders directing arbitration pursuant to ORS 33.230[3] and concluded that such orders, which differ from ORS 33.240 abatement orders in that they are made in an independent proceeding rather than as an interlocutory ruling in an underlying action, are also not appealable. The court noted:

"We might well hold otherwise but for the further provisions of the Oregon arbitration statute that before a judgment is entered on an arbitration award an 'exception' can be taken that the arbitrators have 'exceeded their powers' (ORS 33.310 and 33.320) and that 'such judgment shall be subject to appeal to the higher courts in the manner provided by law for taking appeals to such courts' (ORS 33.340).

"We hold, as did the Washington court in *Teufel Const. Co. v. American Arbitration Ass'n.,* [3 Wash App 24, 472 P2d 572 (1970)], although under somewhat different statutory provisions, that on such an appeal the appellant may challenge the correctness of the decision by the trial court. To hold otherwise would be inconsistent with our holding in *Jackson v. Penny Duquette Knits, supra,* at 468-69, in which we said that the arbitration statute provides for 'judicial review of the arbitration award if it is contested' and that review of an order of abatement under ORS 33.340 'must await the appeal authorized by ORS 33.340.' " 291 Or at 62.

---

[3] ORS 33.230 provides in relevant part:

"A party aggrieved by the failure, neglect or refusal of another to perform under a contract or submission providing for arbitration, described in ORS 33.220, shall petition the circuit court, or a judge thereof, for an order directing that the arbitration proceed in the manner provided for in the contract or submission. * * * The court or judge shall hear the parties, and if satisfied that the making of the contract or submission or the failure to comply therewith is not an issue, shall make an order directing the parties to proceed to arbitration in accordance with the terms of the contract or submission. If the making of the contract or submission or the default is an issue, the court or the judge shall proceed summarily to the trial thereof. If no jury trial is demanded by either party, the court or judge shall hear and determine such issue. Where such an issue is raised, any party may, on or before the return day of the notice of application, demand a jury trial of the issue * * *. If the jury finds that a written contract providing for arbitration was made or submission was entered into and there is a default in the performance thereof, the court or judge shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof."

Concurring specially in *Peter Kiewit,* Chief Justice Denecke stated:

"The defense of the Port to the petition to compel arbitration was that the controversy was no longer subject to arbitration. If the Port is dissatisfied with the award of the arbitrator and the judgment entered according to the award, the Port may appeal. In the appeal, the Port may raise the issue that the controversy was not subject to arbitration.

"The question we have is whether that issue should be decided now before arbitration. In the absence of statutory direction, the answer must be based upon policy considerations. If we took the issue before arbitration and decided that the Port was correct, a useless arbitration proceeding would be avoided. If we permit the arbitration to proceed, the Port might not be so dissatisfied with the award that they would appeal and an appellate court would never have to hear and decide the issue.

"* * * * *

"In this case, the parties had agreed at the beginning of their contractual relationship that arbitration was a preferable method of settling any differences that might arise. This choice probably was made in the belief that arbitration was faster, less expensive, and perhaps more apt to reach a satisfactory result than a court proceeding. The first two considerations would be obviated if a court appeal would be necessary to determine if arbitration can commence. In my opinion, the better policy is for the appellate court to withhold passing on the arbitrability of the controversy until and unless the Port appeals from the judgment entered upon the award." 291 Or at 64-65.

■ This case differs from *Jackson* and *Peter Kiewit* in that here there is *an* appealable order—the order of dismissal. In our view, however, many of the reasons for holding that abatement orders are not *appealable* are equally supportive of the conclusion that they should not be *reviewable* upon an appeal by a party who chooses to suffer a judgment of dismissal rather than comply with them. An abatement order under ORS 33.240 differs from orders on demurrers, orders allowing motions to strike and similar interlocutory rulings which become reviewable after a final judgment is entered: An abatement order resolves no issue

*in the judicial proceeding;* rather, it directs the parties to submit their controversy to another forum. If the arbitrator assumes jurisdiction and decides the controversy, the arbitration statute contains its own provisions relating to judicial review, including review of the determination that the dispute is arbitrable. Conversely, if the *arbitrator* concludes that the controversy is not arbitrable, the abatement order dissolves and the action becomes triable, and, presumably, the issue of arbitrability can again be raised in the trial and on appeal. In either instance, the factors to which Chief Justice Denecke pointed in his concurrence in *Peter Kiewit* militate against permitting a possibly extraneous appeal on the issue of arbitrability when a judgment as well as an abatement order has been entered, as much as those factors militate against an appeal on the issue when there is only an abatement order. *Jackson* implies, and *Peter Kiewit* more clearly expresses, the Supreme Court's preference that final judicial resolution of the arbitrability issue must await the completion of arbitration proceedings, once a trial court has directed that a controversy be submitted to arbitration under ORS 33.230 or 33.240. We therefore decline to consider plaintiff's contentions that the court erred by abating the action and that the dispute between the parties is not subject to arbitration.

■     Plaintiff's second assignment of error is that the trial court erred by dismissing the action. The first of the three arguments plaintiff advances to support this assignment is a duplication of the argument under his first assignment of error, *i.e.,* that the abatement order should not have been entered. In our view, plaintiff's argument says no more than that a plaintiff need not comply with an order unless he agrees with it, and, if he is correct in disagreeing, the court cannot dismiss the action because of his noncompliance. We disagree.

Plaintiff next argues that the trial court "lost jurisdiction" over the action after it abated it pending arbitration and "hence had no power to dismiss plaintiff's claim." *Jackson v. Penny Duquette Knits, supra,* is squarely contrary to plaintiff's assertion that an abatement order divests the court of jurisdiction. Moreover, plaintiff's thesis

that a court must maintain an action on its docket while one or both parties defy its directives and delay the proceedings is contrary to ORCP 54.B(1) and to common sense.

Plaintiff's final argument is that the 60-day period which elapsed between the entry of the abatement order and the filing of Bauman's motion to dismiss did not give plaintiff sufficient time to institute arbitration. Nothing we find in the briefs or record, aside from plaintiff's making of the statement, informs us whether or not plaintiff's argument is correct. In addition, whatever inherent merit the argument may have is diluted by the fact that two more months passed between the time the motion was made and the time the order of dismissal was signed.

Nothing in the record indicates a basis for concluding the court abused its discretion in dismissing the lien foreclosure suit. Although the order of abatement did not specifically order either party to proceed to arbitration, the substance of the order was that the underlying action would not continue until arbitration had been completed. Plaintiff initiated the claim and had an obligation to prosecute the action, including proceeding with arbitration. The trial court was not required to carry an abated action on its docket interminably while a party continued to resist arbitration. As far as the record discloses, plaintiff took no action toward arbitration from the date of the abatement order to the date the suit was dismissed, approximately four months. Plaintiff's inaction for four months and its contention that the dispute was not arbitrable indicates it did not intend to proceed to arbitration. Plaintiff has failed to establish that the court abused its discretion in dismissing plaintiff's complaint.

Affirmed.