MEISSNER, dba Structures Unlimited,
*Appellant,*

*v.*

DILLER et al,
*Respondents.*

(41359; CA A30114)

686 P2d 1061

James N. Westwood, Portland, argued the cause for
appellant. With him on the briefs were John R. Bakkensen,
and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Linda M. Seluzicki, Portland, argued the cause for
respondents. With her on the brief were Steven K. Black-
hurst, and Lindsay, Hart, Neil & Weigler, Portland.

Before Richardson, Presiding Judge, and Warden and
Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals the trial court's order dismissing his complaint for breach of contract, foreclosure of a construction lien and other remedies. Respondents moved to dismiss pursuant to ORCP 54B(1),[1] citing plaintiff's failure to initiate arbitration proceedings following the trial court's order granting defendants' motion to abate the action pending arbitration. ORS 33.240.[2] We reverse.

In June, 1980, plaintiff filed this action. On February 8, 1983, the court granted defendants' motion for abatement and entered an order, stating in pertinent part:

"Defendants' motion for reconsideration is allowed and it is ordered that this litigation be abated pending arbitration pursuant to the provisions of ORS 33.240."

When plaintiff had not initiated arbitration by August 5, 1983, defendants moved to dismiss pursuant to ORCP 54B(1). On August 11 plaintiff filed notice of substitution of attorney, and on September 13 demanded arbitration. When defendants' motion to dismiss was argued on September 26, the court orally granted the motion on that day and entered the judgment on October 6, 1983.

We note first that there is no dispute regarding the propriety of the abatement order, *Hilsenbeck v. Quadrant Corp.,* 53 Or App 341, 346-47, 632 P2d 19 (1981), nor, as defendants point out, does the propriety of the court's order depend on interpretation of the contract's arbitration clause. The issue is whether ORCP 54B(1) is a proper basis for dismissal under these circumstances.

---

[1] ORCP 54B(1) provides:

"For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for a judgment of dismissal of an action or of any claim against such defendant."

[2] ORS 33.240 provides:

"If any action, suit or proceeding is brought upon any issue arising out of an agreement which contains a provision for arbitration of the matter in controversy in such action, suit or proceeding, then, upon application, any judge of a circuit court, upon being satisfied that the issue is referable to arbitration, shall abate the action, suit or proceeding so that arbitration may be had in accordance with the terms of the agreement. The application shall be heard similarly to hearings on motions."

Defendants cite *Hilsenbeck v. Quadrant Corp., supra,* in which we affirmed the trial court's ORCP 54B(1) dismissal of the plaintiff's action because the plaintiff had failed to initiate arbitration proceedings after the trial court's abatement order. In that case approximately two months had passed between the abatement order and the motion to dismiss, and two more months passed before the order of dismissal was signed. Many of plaintiff's arguments are answered in *Hilsenbeck,* which makes clear that a plaintiff's failure to initiate arbitration after an abatement order can amount to "failure * * * to prosecute or to comply with these rules or any order of court" under ORCP 54B(1) and that a plaintiff has an obligation to demand arbitration even though the defendant moved to abate the action. However, there is a crucial difference between this case and *Hilsenbeck* that warrants reversal; in *Hilsenbeck,* the plaintiff never sought arbitration. We stated:

> "* * * As far as the record discloses, plaintiff took no action toward arbitration from the date of the abatement order to the date the suit was dismissed, approximately four months. Plaintiff's inaction for four months and its contention that the dispute was not arbitrable indicates it did not intend to proceed to arbitration. * * *" 53 Or App at 348.

In this case, however, plaintiff did demand arbitration, albeit after defendants had filed their motion to dismiss. Under these circumstances the trial court erred in dismissing plaintiff's action under ORCP 54B(1).

Reversed and remanded.