Argued and submitted June 28, reversed and remanded October 30, 1985

BAKER,
*Respondent,*

*v.*

A.T.&T. HOMES, INCORPORATED et al,
*Appellants.*

(A8307-04225; CA A33560)

707 P2d 1300

Orrin R. Onken, Portland, argued the cause for appellants. On the brief was Alan Viewig, Portland. On the reply brief was Orrin R. Onken, Portland.

H. Richard Sause, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendants appeal a judgment on an arbitration award. Plaintiff filed an action for fraud and breach of contract arising out of the purchase of a mobile home from defendants. The contract contained an arbitration clause:

"A.T.&T. Homes, Inc. and the undersigned purchasers agree that all disputes, claims or grievances between them or their agents or employees arising out of or related to the attached agreement, warranty or service, shall be arbitrated pursuant to the Consumer Arbitration Rules of the American Arbitration Association in Portland, Oregon. The award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

"The parties understand that the purpose of this court [sic] is to resolve all disputes between them by arbitration rather than by actions or suits in the courts."

Defendants demanded arbitration under the arbitration clause, see ORS 33.230, and moved to abate the action. ORS 33.240. The record, however, contains no order of abatement. Rather, the parties stipulated to a "Request for Voluntary Arbitration." The request, under the heading "Multnomah County Circuit Court Arbitration," provided that "all parties stipulate to submit to arbitration of issues in this case" and "have agreed to selection of arbitrator." The court made an "Order Transferring Case to Arbitration and Notice to Select Arbitrator":

"IT APPEARING TO THE COURT that the above entitled case is appropriate for Arbitration and in accordance with 1983 Oregon Laws, Chapter 670, it is HEREBY ORDERED that this case be transferred to Arbitration. The next step is the designation of your arbitrator."[1]

The parties also agreed to an arbitrator, who held a hearing and filed an award for plaintiff for compensatory and punitive damages, attorney fees and costs.

Defendants appealed the award to the circuit court and requested a trial *de novo* under Oregon Laws 1983, chapter 670, section 6, which provides:

"(1) At the conclusion of arbitration under this Act of a

---

[1] The Multnomah County Circuit Court arbitration program is governed by Oregon Laws 1983, chapter 670, and the arbitration rules issued thereunder.

civil action, the arbitrator shall file the decision and award with the clerk of the court that referred the action to arbitration, together with proof of service of a copy of the decision and award upon each party.

"(2)(a)   Within 20 days after the filing of a decision and award with the clerk of the court under subsection (1) of this section, a party against whom relief is granted by the decision and award or a party whose claim for relief was greater than the relief granted to the party by the decision and award, but no other party, *may file with the clerk a written notice of appeal and request for a trial de novo of the action in the court on all issues of law and fact. After the filing of the written notice a trial de novo of the action shall be held.* If the action is triable by right to a jury and a jury is demanded by a party having the right of trial by jury, the trial de novo shall include a jury." (Emphasis supplied.)

*See also* Multnomah County Arbitration Rules 14.24-14.26. Plaintiff moved for an order to deny defendants' appeal of the award. The court allowed the motion and denied defendants' request for a trial *de novo*. Subsequently, the court entered judgment on the arbitration award. Defendants assign as error the court's order that denied them an appeal and a trial *de novo*. We reverse.

Defendants urge that, because the court had transferred the case to arbitration "in accordance with 1983 Oregon Laws, chapter 670," they were entitled to a trial *de novo* in the circuit court. They argue that the parties did not arbitrate under the contractual arbitration clause but under the Multnomah County Circuit Court Arbitration Program as governed by the 1983 statute and the local rules.

Plaintiff argues that the parties voluntarily agreed in their contract to arbitrate any dispute under the Consumer Arbitration Rules of the American Arbitration Association and that under those provisions the arbitration award is "final and binding."[2] Plaintiff also asserts that it entered into the Multnomah County arbitration program merely as a choice of forum and with no intent to supersede the contractual provision. Accordingly, he concludes that the arbitration award is

---

[2] The Consumer Arbitration Rules of the American Arbitration Association are not in the record, and we do not know if an arbitration award under those rules is, as plaintiff asserts, "final and binding."

"final and binding" on both parties and defendants have no right of appeal under chapter 670.

Based on what is in this record, we agree with defendants. The parties stipulated, without qualification, to the court order that provided that the case would be arbitrated "in accordance with 1983 Oregon Laws, chapter 670." The court's order contained no limitation. We conclude on this record that the order superseded the arbitration provisions of the contract. The record contains no evidence that the parties intended otherwise. They arbitrated in accordance with the procedures under the 1983 law and the local rules. Under those provisions defendants could request a trial *de novo* in the circuit court following the award.

Reversed and remanded.