Argued and submitted September 19, affirmed October 26, 1988

GREEN,
*Appellant,*

*v.*

TRI-COUNTY
METROPOLITAN TRANSPORTATION
DISTRICT OF OREGON et al,
*Respondents.*

(A8701-00408; CA A46181)

762 P2d 1067

Bartley F. Day, Portland, argued the cause for appellant. With him on the brief was Norman L. Lindstedt, Portland.

Thomas M. Christ, Portland, argued the cause for respondents. With him on the brief was Mitchell, Lang & Smith, Portland.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

PER CURIAM

**PER CURIAM**

This is an action to recover damages for personal injury. The circuit court referred the matter to mandatory arbitration pursuant to ORS 33.360. The arbitrator's award in favor of defendants was rendered 55 days after the hearing. Plaintiff then moved to set aside the award as not being timely filed and because it misstated the time for appeal.[1] The trial court entered a judgment adopting the arbitrator's award after the time for appeal to the circuit court had expired and later denied plaintiff's motion. Plaintiff appeals, arguing that the award was void, because it was not filed within seven days after the end of the hearing.

Supplementary Local Court Rule 13.225(1) provides, in relevant part:

> "Within seven days after the conclusion of the arbitration hearing, the arbitrator shall file the decision and award with the clerk of the Court * * *."

The rule prescribes what shall be done but does not prescribe the consequences of noncompliance. Nothing in the rule suggests that its violation makes the arbitrator's award void.[2] *See* Annot., 56 ALR3d 815, 819, 828-30 (1974). Plaintiff claims no prejudice from the delay.

Affirmed.

---

[1] The latter assignment of error is not presented on appeal.

[2] *Hanner, Jennings & Co. v. Coffin,* 1 Or 99 (1854), may be to the contrary, but the opinion in that case is so brief that important things, such as the source of the referee's authority, are unclear. In the absence of a clearer mandate, we decline to construe *Hanner, Jennings* in the manner urged by plaintiff.