Argued and submitted June 12, reversed and remanded September 6, 1989

## MAIN STREET ASSET CORPORATION,
*Respondent,*

*v.*

## CUNNINGHAM,
*Appellant.*

(87 C 651213; CA A50614)

778 P2d 1003

David Gernant, Portland, argued the cause and filed the brief for appellant.

Richard C. Pearce, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

### EDMONDS, J.

Defendant appeals from a judgment on an arbitration award in favor of plaintiff, who had filed a complaint seeking to collect an alleged debt. Defendant filed an answer denying liability. The trial court referred the action to arbitration under ORS 33.350 to ORS 33.400. After plaintiff prevailed in arbitration, defendant filed a "notice of appeal and request for a trial de novo" in the trial court.[1] Plaintiff moved to dismiss the appeal, citing defendant's failure to appear personally at the arbitration hearing and the fact that defendant's attorney, pursuant to defendant's instructions, attended but did not examine witnesses or put on a case. The court allowed the motion and entered judgment for plaintiff. Defendant argues that the trial court was without authority to dismiss his appeal. We agree and reverse.

Plaintiff does not cite, and we are unable to find, any statute or rule in effect at the time of the arbitration hearing authorizing the imposition of a sanction under these circumstances.[2] *See* ORS 33.350 to ORS 33.400; *former* Multnomah County Supplementary Local Rules (December, 1987) (SLR).[3] Rather, plaintiff argues that the trial court had

---

[1] Under the arbitration program established by ORS 33.350 to ORS 33.400, a party against whom relief is granted by the arbitrator may file a "written notice of appeal and request for a trial de novo" in the district or circuit court in which the action was initially commenced. ORS 33.400(2)(a). "After the filing of the written notice, a trial de novo of the action shall be held." ORS 33.400(2)(a); *see also Baker v. A.T.&T. Homes, Inc.,* 76 Or App 180, 707 P2d 1300 (1985).

[2] ORCP 54B(1) provides:

"For failure of the plaintiff to prosecute or to comply with these rules or any order of a court, a defendant may move for a judgment of dismissal of an action or of any claim against such defendant."

In *Hilsenbeck v. Quadrant Corp.,* 53 Or App 341, 632 P2d 19 (1981), we affirmed a dismissal under ORCP 54B(1), because the plaintiff had failed to initiate arbitration contrary to court order. In *Meissner v. Diller,* 69 Or App 518, 686 P2d 1061, *rev den* 298 Or 172 (1984), we reaffirmed *Hilsenbeck* but distinguished it on the basis that the plaintiff in *Meissner* did demand arbitration, albeit after the defendants had filed their ORCP 54B(1) motion to dismiss. In this case, ORCP 54B(1) is of no assistance to plaintiff, because only a defendant may move to dismiss under its provisions. Further, in both *Hilsenbeck* and *Meissner,* the trial court abated the action before it so that arbitration could be held in accordance with the terms of an agreement between the parties. *See* ORS 33.240. The mandatory arbitration program was not yet in existence. Here, arbitration was held under the court arbitration program and, thus, the mandatory trial *de novo* language of ORS 33.400(2)(a) is applicable.

[3] At the time of the arbitration hearing in May, 1988, there were no Uniform Trial Court Rules on arbitration. A Multnomah County SLR titled "ABSENCE OF

inherent authority to dismiss the appeal as a sanction for defendant's failure to comply with court-ordered mandatory arbitration.

 In addition to authority vested in it by statute, a trial court has inherent authority to dismiss an action for failure of the plaintiff to prosecute diligently. *Howser v. Ben Dierks Lbr. Co.*, 270 Or 657, 528 P2d 1341 (1974). Here, however, the trial court dismissed *defendant's* appeal and entered what was tantamount to a default judgment, despite defendant's appearance. It is unlikely that the legislature intended a court to exercise any purported inherent authority to sanction a defendant by dismissing his appeal, when ORS 33.400(2)(a) is mandatory in providing that a *de novo* trial be held.

 Moreover, even if a court might have authority to impose sanctions for a defendant's non-participation in arbitration, the court erred in dismissing the appeal. Defendant participated by the attendance of his attorney. The fact that defendant instructed his attorney to attend but not examine witnesses or put on evidence cannot justify dismissal. The amount of participation was a matter between the attorney and his client. The trial court was without authority to invade their relationship.[4]

Reversed and remanded.

---

PARTY AT HEARING" provided an arbitrator with authority to make an award to a plaintiff where the defendant was "absent" from the hearing, if the plaintiff submitted the evidence required for the making of the award. *Former* Multnomah County SLR 13.205 (December, 1987). (Current UTCR 13.200 tracks *former* Multnomah County SLR 13.205 almost *verbatim.*) However, the rule did not authorize a trial court to which an appeal under ORS 33.400(2)(a) was made to impose sanctions because of the defendant's "absence."

[4] Because we are able to resolve this dispute on nonconstitutional legal principles, we refrain from discussing defendant's argument that the dismissal of his appeal operated to deny him his right under the Oregon Constitution to a jury trial. *See Lloyd Corporation v. Whiffen*, 307 Or 674, 680, 773 P2d 1294 (1989).