Submitted on record and briefs May 17, reversed and remanded with instructions to conduct trial *de novo*; otherwise affirmed July 24, 1991

Miriam KRAUSE,
*Appellant,*

*v.*

Stephen E. ANDERSEN,
*Respondent.*

(A8904-02051; CA A65234)

814 P2d 178

Miriam Krause, Portland, filed the briefs *pro se* for appellant.

Lori R. Metz, I. Franklin Hunsaker, Anna J. Brown and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals from a judgment for defendant in this legal malpractice action. After some of plaintiff's claims had been decided against her on *seriatim* motions, the remaining claim was subject to mandatory arbitration under ORS 36.405. That claim was submitted to arbitration, defendant moved for summary judgment in the arbitration and the arbitrator granted the motion. Plaintiff then filed a notice and request for a *de novo* trial in the circuit court pursuant to ORS 36.425. *See also* UTCR 13.250. The court denied the request and entered judgment for defendant on all claims.

Plaintiff first assigns error to the denial of her request for a trial *de novo*. The apparent basis for the denial was what the parties describe as a policy or rule of the Multnomah County presiding judge that precludes trials *de novo* of decisions by arbitrators allowing motions for summary judgment.[1] The rationale for that policy, at least according to defendant, is that there *can* be no question of fact to be tried *de novo* after summary judgment has been granted.

Although there is facial logic to that proposition, it is contrary to ORS 36.425(2)(a), which provides, in material part, that a party in the position of plaintiff may request a

"trial de novo of the action in the court on *all issues of law and fact.* After the filing of the written notice a trial de novo of the action *shall* be held." (Emphasis supplied.)

*See Main Street Asset Corp. v. Cunningham,* 98 Or App 346, 778 P2d 1003 (1989).

Although the phrase *"de novo"* sometimes connotes the scope of factual review, it has a different meaning in ORS 36.425(2)(a), which expressly refers to questions of law as well as of fact. As used in that statute, the phrase contemplates an independent decision by a different decisionmaker, rather than referring simply to factual review. Whether the arbitrator was correct in allowing the summary judgment motion is a question of law, and plaintiff is entitled to the

---

[1] The policy has since been rescinded. After plaintiff filed her notice of appeal in this court, the circuit court purported to reinstate the request for a *de novo* trial. The court, of course, had no authority to do that after we obtained jurisdiction. ORS 19.033.

court's decision on that question and on any others that may then have to be decided.

The remaining assignments are either resolved by what we have said or require no discussion.

Reversed and remanded with instructions to conduct a trial *de novo;* otherwise affirmed.