Submitted on record and briefs July 24, 1992, affirmed March 3, 1993

Janet TREVERTON,
*Appellant - Cross-Respondent,*

*v.*

Edward Willis ARNOLD,
*Respondent - Cross-Appellant.*

(A8907-04065; CA A68862)

847 P2d 914

Roger Hennagin, Lake Oswego, filed the brief for appellant - cross-respondent.

Edward Willis Arnold, Portland, filed the brief *pro se.*

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Plaintiff's civil action against defendant was referred to arbitration pursuant to ORS 36.400 *et seq*. The arbitrator held defendant in default as a sanction for a discovery violation and awarded damages and attorney fees to plaintiff on the merits of the dispute. Defendant appealed to circuit court for a *de novo* jury trial pursuant to ORS 36.425(2)(a). Plaintiff moved to dismiss the appeal on the ground that defendant's default in the arbitration proceeding foreclosed him from pursuing the appeal to circuit court. The trial court denied the motion. The jury awarded plaintiff a lesser amount of damages than had the arbitrator, and the court awarded her attorney fees, but also in a lesser amount than the arbitrator's award. Plaintiff appeals and defendant cross-appeals. We affirm.

■ Plaintiff's sole contention on appeal is that the trial court erred by not dismissing defendant's appeal, and that the default order in the arbitration proceeding precluded defendant from proceeding in the circuit court.

ORS 36.425(2)(a) provides:

"Within 20 days after the filing of a decision and award with the clerk of the court under subsection (1) of this section, a party against whom relief is granted by the decision and award or a party whose claim for relief was greater than the relief granted to the party by the decision and award, but no other party, may file with the clerk a written notice of appeal and request for a trial de novo of the action in the court on all issues of law and fact. After the filing of the written notice a trial de novo of the action shall be held. If the action is triable by right to a jury and a jury is demanded by a party having the right of trial by jury, the trial de novo shall include a jury."

We have held repeatedly that the statute is mandatory, and that the right to appeal under it is not defeasible. *Gage v. All Nations Ins. Co.*, 108 Or App 534, 816 P2d 682 (1991), *aff'd* 314 Or 700, 842 P2d 784 (1992); *Krause v. Andersen*, 108 Or App 211, 814 P2d 178 (1991); *Main Street Asset Corp. v. Cunningham*, 98 Or App 346, 778 P2d 1003 (1989).

The most analogous case is *Cunningham*. The plaintiff there prevailed at the arbitration phase, and the defendant sought a *de novo* trial under ORS 33.400 (since renumbered ORS 36.425). The plaintiff moved for and the trial court ordered dismissal of the appeal based on the defendant's failure to participate in the arbitration hearing. We reversed the dismissal, explaining:

> "Plaintiff does not cite, and we are unable to find, any statute or rule in effect at the time of the arbitration hearing authorizing the imposition of a sanction under these circumstances. *See* ORS 33.350 to ORS 33.400; *former* Multnomah County Supplementary Local Rules (December, 1987) (SLR). Rather, plaintiff argues that the trial court had inherent authority to dismiss the appeal as a sanction for defendant's failure to comply with court-ordered mandatory arbitration.

> "In addition to authority vested in it by statute, a trial court has inherent authority to dismiss an action for failure of the plaintiff to prosecute diligently. *Howser v. Ben Dierks Lbr. Co.*, 270 Or 657, 528 P2d 1341 (1974). Here, however, the trial court dismissed *defendant's* appeal and entered what was tantamount to a default judgment, despite defendant's appearance. It is unlikely that the legislature intended a court to exercise any purported inherent authority to sanction a defendant by dismissing his appeal, when ORS 33.400(2)(a) is mandatory in providing that a *de novo* trial be held." 98 Or App at 348. (Footnotes omitted; emphasis in original.)

Thus, we concluded in *Cunningham* that even the *court* lacked the authority to do what plaintiff asserts the *arbitrator* here may accomplish by indirection, *i.e.*, defeat a party's *de novo* trial rights under ORS 36.425(2)(a) by a default sanction for conduct in the arbitration proceeding.

Plaintiff seeks to distinguish *Cunningham* by characterizing as the basis for our holding there that the "arbitrator had no underlying statutory or rule authority to enter a default," while the arbitrator here "clearly possessed authority pursuant to ORCP 46B(2) to enter a default against the defendant." Assuming without deciding that the arbitrator had that authority for purposes of the arbitration proceeding itself, it has no bearing on defendant's right to a *de novo* trial. UTCR 13.040(3) provides:

"Once a case is referred to arbitration, all motions against the pleadings, all motions for discovery, and all similar pretrial motions not then resolved will be filed with the arbitrator only and determined by the arbitrator. *The arbitrator's determination, however, will apply only during the arbitration proceeding.* If a request for trial de novo is filed, such matters may be raised again. If the arbitrator's decision on a pretrial motion will prejudice a party on trial *de novo*, that party may file an appropriate motion with the presiding judge." (Emphasis supplied.)

More fundamentally, ORS 36.425(2)(a), as we have construed it, is inconsistent with any authority on the arbitrator's part to disturb the right to a judicial trial. It may be, as plaintiff in effect maintains, that the effect of the statute is to enable a party to thwart the arbitration procedure under ORS 36.400 *et seq* by non-participation or other improper tactics. If so, however, that is a choice that the legislature has made.[1] The trial court correctly denied the motion to dismiss.

■      Defendant contends in his cross-appeal that the court erred by awarding costs to plaintiff and by not awarding costs to him. He relies on ORS 36.425(2)(d):

"Notwithstanding any other provision of law or the Oregon Rules of Civil Procedure, *a party filing a written notice under paragraph (a)* of this subsection *whose position under the arbitration decision and award is not improved as a result of a judgment in the action on the trial de novo* shall not be entitled to attorney fees or costs and disbursements, and shall be taxed the costs and disbursements of the other parties to the action on the trial de novo." (Emphasis supplied.)

Defendant misreads the statute. It applies only to the party filing the notice. Plaintiff was not that party. She was the prevailing party at trial, even though her position, *vis-a-vis* the arbitrator's award, was not improved. The award of costs was not error.

Affirmed on appeal and on cross-appeal.

---

[1] No constitutional arguments are presented.