Submitted on record and briefs August 21, 1998, reversed and remanded February 3, 1999

William C. MONROE,
*Respondent,*

*v.*

John HARMON,
dba John's Transmission,
*Appellant.*

(950463C; CA A93046)

973 P2d 392

John Harmon, Grants Pass, filed the brief *pro se* for appellant.

Frank C. Rote, III, and Brown, Hughes, Bird, Lane & Rote, filed the briefs for respondent.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

HASELTON, J.

## HASELTON, J.

Defendant appeals from a judgment that dismissed his appeal from an arbitration award and denied his request for a trial *de novo*. We conclude that the district court erred by entering judgment against defendant as a sanction for his failure to participate in mandatory court-annexed arbitration. The court lacked authority to sanction defendant by dismissing his appeal and denying his request for trial *de novo*, because defendant had an absolute right to a trial *de novo* under ORS 36.425. Accordingly, we reverse and remand.

The relevant facts are not in dispute. Plaintiff filed a complaint against defendant on August 4, 1995, alleging breach of contract, conversion, and fraud, seeking damages of $5,000. The specific facts of the dispute underlying plaintiff's claims against defendant are immaterial to our consideration of the issues on appeal. On November 9, 1995, the Josephine County District Court issued an order transferring the case to mandatory court-annexed arbitration as required by ORS 36.405(1).[1] On November 27, the court appointed an arbitrator. The "Notice of Appointment As Arbitrator" informed the arbitrator that because "scheduling of this hearing is required between 21 and 49 days from date of this notice[, t]he hearing date is to be set no later than January 15, 1996." In fact, the arbitration hearing was held on January 19, 1996, the fifty-third day after the order of appointment. Defendant did not participate in the arbitration hearing either in person or by appearance of counsel. Following

---

[1] ORS 36.045(1) provides, in part:

"In a civil action in a circuit court where all parties have appeared, the court shall refer the action to arbitration under ORS 36.400 to 36.425 if either of the following applies:

"(a) The only relief claimed is recovery of money or damages, and no party asserts a claim for money or general and special damages in an amount exceeding the amount established under ORS 36.400(3), exclusive of attorney fees, costs, and disbursements and interest on judgment."

ORS 36.400(3) requires each circuit court to establish whether to require arbitration in matters involving less than $25,000, or in matters involving less than $50,000. Pursuant to ORS 36.400(3), the Josephine County Circuit Court adopted Supplementary Local Court Rule 13.005, requiring mandatory arbitration under ORS 36.400 to 36.425 "for all matters involving less than $50,000." Rule 13.005(2).

the hearing, the arbitrator decided in favor of plaintiff on his claims for conversion and fraud and, accordingly, awarded plaintiff $4,501.00 in damages, plus costs, disbursements and prevailing party fees. The arbitrator noted that the award was based, in part, on defendant's failure to appear at the hearing or present evidence in any form, and that "[d]efendant was aware of the hearing and chose not to participate, stating that he had a constitutional right to a jury trial."

Defendant timely filed a request for trial *de novo* pursuant to ORS 36.425. Plaintiff moved to dismiss that request, asserting that, because defendant had failed to participate in the arbitration hearing, he should be precluded from obtaining a trial *de novo*. The district court granted plaintiff's motion and issued an order dismissing the case:

> "Defendant failed to participate in the mandatory arbitration process and failed to appear for the arbitration hearing held on January 19, 1996 and * * * did not demonstrate good cause for his failure to participate and for his failure to appear at the arbitration hearing."

The district court, adopting the arbitrator's award, entered judgment for plaintiff in the amount of $4,501.00.

Defendant appeals from that judgment, raising a myriad of arguments and well over a dozen assignments of error. We have considered those contentions, and, rejecting the others, conclude that only two warrant discussion. First, defendant argues that the arbitration award underlying the judgment is invalid because the arbitration hearing was not timely held, in violation of Uniform Trial Court Rule (UTCR) 13.160. Second, defendant argues that the trial court erred in dismissing his request for a trial *de novo* under ORS 36.425 because of his failure to participate in the mandatory arbitration hearing. We disagree with defendant as to the first issue but agree as to the second.

UTCR 13.160,[2] regarding scheduling of mandatory arbitration hearings, provides, in part:

---

[2] Mandatory arbitration proceedings pursuant to ORS 36.400 to 36.425 are governed not only by those statutory provisions but also by chapter 13 of the Oregon UTCR and any properly adopted supplementary local rules. *See* ORS 36.400(2); UTCR 13.010. The only supplementary rule adopted by Josephine County regarding the mandatory arbitration program states that "Josephine

"(1)   The arbitrator shall set the time, date and place of hearing and shall give reasonable notice of the hearing date to the parties * * *.

"(2)   *Except for good cause shown, the hearing must be scheduled to take place not sooner than 14 days, or later than 49 days, from the date of assignment of the case to the arbitrator.* * *"* (Emphasis added.)

Relying on the emphasized language, defendant argues that, because the arbitration hearing in this case was not held within 49 days, the arbitration award was invalid.

In *Green v. Tri-Met*, 93 Or App 623, 624, 762 P2d 1067 (1988), we addressed an analogous issue. There, the arbitrator held a timely arbitration hearing, but 55 days passed before the arbitrator issued an award in favor of the defendants. The circuit court then entered a final judgment adopting the arbitrator's award. On appeal, the plaintiff asserted that the award was void because it was not filed within seven days of the arbitration hearing as required by a supplementary local rule:

"Within seven days after the conclusion of the arbitration hearing, the arbitrator *shall* file the decision and award with the clerk of the Court * * *." Multnomah County Supplementary Local Court Rule 13.225(1) (emphasis added).

In rejecting that argument, we acknowledged the rule's mandatory language. We also recognized, however, that the rule did not "prescribe the consequences of noncompliance," nor did it suggest "that its violation makes the arbitrator's award void." *Green*, 93 Or App at 624. Because voiding the arbitrator's award was not a consequence dictated by the rule, and because plaintiff showed no prejudice resulting from the delay, we affirmed the circuit court's entry of judgment based on the award. *Id.*

■■   The same reasoning is controlling here. Although UTCR 13.160 prescribes the time within which an arbitrator must schedule an arbitration hearing, it does not describe any consequences of noncompliance. As in *Green*, nothing in the rule suggests that noncompliance renders the arbitrator's

County Courts have a voluntary and mandatory arbitration program in conformity with ORS 36.400 to 36.425 and UTCR Chapter 13." Thus, UTCR chapter 13 is the controlling set of rules.

award void. We further note that defendant presumably could have raised this issue with the arbitrator—or, for that matter, with the presiding district court judge—immediately upon his receipt of notice of the date of the hearing but did not do so.[3] Moreover, defendant identifies no prejudice from the delay of the hearing, in which he did not participate. Accordingly, we reject his untimeliness argument.

Defendant's second argument, pertaining to his right to a trial *de novo*, turns on ORS 36.425 and our decisions interpreting that statute. ORS 36.425(2) provides, in part:

"Within 20 days after filing of [an arbitration award] with the clerk of the court * * *, a party against whom relief is granted by the decision and award or a party whose claim for relief was greater than the relief granted to the party by the decision and award, but no other party, may file * * * a written notice of appeal and request for a trial de novo of the action in the court on all issues of law and fact. * * * After the filing of the written notice, a trial de novo of the action shall be held."

Defendant, citing *Treverton v. Arnold*, 118 Or App 461, 847 P2d 914 (1993), and *Main Street Asset Corp. v. Cunningham*, 98 Or App 346, 778 P2d 1003 (1989), argues that he had an absolute right to a trial *de novo* under ORS 36.425, and that right was not extinguished by his failure to participate in the arbitration hearing. Plaintiff responds that the district court's dismissal of defendant's request for a trial *de novo* and consequent entry of judgment was a proper sanction for defendant's failure to participate in the arbitration process. Plaintiff asserts that, if *mandatory* court-annexed arbitration is, in fact, to be mandatory—or, at least, effectively so—the courts *must be able* to sanction parties for failure to participate in the arbitration process by dismissing their appeals. Otherwise, such parties suffer no detriment for their failure to participate and can subvert the purposes of the arbitration system by simply not participating. Plaintiff's concerns about subversion may, in some cases, be well-founded. Nevertheless, the district court erred.

---

[3] UTCR 13.100 grants an arbitrator the authority to "decide procedural issues arising before or during the arbitration hearing."

We have consistently held that ORS 36.425 creates an absolute right to a trial *de novo* and that "the right to appeal under it is not defeasible." *Treverton*, 118 Or App at 463; *Krause v. Andersen*, 108 Or App 211, 213, 814 P2d 178 (1991); *Main Street*, 98 Or App at 348-49. The facts in *Main Street* are close to those presented here. There, the plaintiff prevailed in the arbitration, the defendant requested a trial *de novo* under *former* ORS 33.400 (1987), *renumbered as* ORS 36.425 (1989), and the plaintiff moved to dismiss the appeal based on defendant's failure to participate in the arbitration hearing in person. The trial court granted dismissal. We reversed on appeal, explaining:

> "Plaintiff does not cite, and we are unable to find, any statute or rule * * * authorizing the imposition of a sanction under these circumstances. Rather, plaintiff argues that the trial court had inherent authority to dismiss the appeal as a sanction for defendant's failure to comply with court-ordered mandatory arbitration.
>
> *"It is unlikely that the legislature intended a court to exercise any purported inherent authority to sanction a defendant by dismissing his appeal, when ORS 33.400(2)(a) is mandatory in providing that a de novo trial be held." Main Street*, 98 Or App at 348-49 (citations and footnotes omitted; emphasis added).[4]

In *Treverton*, we reiterated that reasoning. There, the plaintiff prevailed in arbitration, and the defendant appealed to the circuit court for a trial *de novo*. Plaintiff moved to dismiss the appeal, arguing that defendant's default in the arbitration proceeding foreclosed his right to a trial *de novo*. The trial court denied plaintiff's motion, and plaintiff appealed. We affirmed:

> "ORS 36.425(2)(a), as we have construed it, is inconsistent with any authority on the arbitrator's part to disturb the right to a judicial trial. *It may be, as plaintiff in effect maintains, that the effect of the statute is to enable a party to*

---

[4] *Main Street* differs from this case in one respect: there, the defendant sent his attorney to represent him at the arbitration hearing. However, whether a party participates in the arbitration process in person, by counsel, or not at all, does not affect our fundamental holding: Given a party's absolute right to a trial *de novo* under ORS 36.425, dismissal of an ORS 36.425 appeal is not a proper sanction for nonparticipation in the arbitration process.

*thwart the arbitration procedure under ORS 36.400 et seq* by non-participation or other improper tactics. If so, however, that is a choice the legislature has made." *Treverton,* 118 Or App at 465 (emphasis added).

Our reasoning in *Main Street* and *Treverton* is dispositive here. Accordingly, the court erred in dismissing defendant's appeal of the arbitrator's award and request for trial *de novo*.[5]

Reversed and remanded.

---

[5] Because we conclude that the court's dismissal of plaintiff's appeal and request for trial *de novo* violated ORS 36.425, we need not reach, and do not consider, defendant's alternative argument that that dismissal violated his constitutional right to a jury trial. Or Const, Art I, § 17. *See State v. Kennedy,* 295 Or 260, 262-65, 666 P2d 1316 (1983) (court must examine statutory issues before reaching constitutional issues).