Argued and submitted March 10, reversed and remanded October 27, 1999

## Ruth A. MAYER,
*Appellant,*

*v.*

## Derek R. SALWAY,
*Respondent.*

### (C96-0709CV; CA A101791)

988 P2d 430

Craig R. Berne argued the cause for appellant. With him on the briefs was Vial Fotheringham.

Andrew M. Rich argued the cause for respondent. With him on the brief was Huffman, Zenger & Rich.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

## KISTLER, J.

Plaintiff appeals from a judgment dismissing her action for failure to prosecute. The motion to dismiss was based on plaintiff's failure to initiate arbitration proceedings after the trial court abated the action. We reverse and remand.

Plaintiff and defendant were married. While they were married, they entered into a partnership agreement. According to plaintiff's complaint, the partnership held interests in real property and skilled nursing facilities. In 1993, plaintiff and defendant stipulated to a judgment dissolving their marriage. Plaintiff later came to the conclusion that defendant had failed to disclose all of their assets when they entered into the stipulated judgment of dissolution.

Plaintiff accordingly filed two actions in 1997. In the first action (the partnership action), plaintiff sought an accounting of the partnership assets as well as damages for breach of the partnership agreement, conversion, and fraud. In the second action (the domestic relations case), plaintiff sought to modify the 1993 judgment of dissolution because, among other things, defendant had allegedly failed to disclose all the partnership's assets when they divided their marital property.

Defendant filed two motions in response to plaintiff's actions. First, defendant moved to abate the partnership action and submit that case to arbitration. The partnership agreement contains an arbitration clause, and the trial court granted defendant's motion in February 1997.[1] Second, defendant moved to dismiss the domestic relations case because the partnership action was pending. The trial court held a hearing on defendant's motion to dismiss on March 31, 1997. During that hearing, both parties acknowledged that the facts and relief sought in the two cases overlapped substantially. Faced with duplicative proceedings, the trial court

---

[1] When the court granted the motion to abate, it asked the parties to confer and try to decide on an arbitration panel. The court stated that if the parties could not agree, then each side would pick one arbitrator and the two of them would agree on someone else or else a judge would appoint a third arbitrator.

observed that one of the two proceedings should either be dismissed or put on hold.[2]

The trial court initially suggested that the parties go forward with the arbitration in the partnership action and either dismiss without prejudice or abate the domestic relations case. Later in the hearing, the court changed course. The parties' discussion revealed that there was substantial disagreement on the issues to be arbitrated, and the trial court observed that "this case needs a judge to handle it and to make some of the tough decisions * * * that you can't agree on[.]" It noted that a "judge is going to have to * * * get the case boiled down to the issues that do have to be decided." The court apparently concluded that a judge would be more likely to define and resolve the issues in the domestic relations case than an arbitrator would in the partnership action. The court accordingly denied defendant's motion to dismiss the domestic relations case and stated that it was instead going to schedule the domestic relations case for a hearing in less than a month. Because of scheduling conflicts, however, the four-day hearing on plaintiff's domestic relations case was deferred until the first part of July.

After the March hearing on defendant's motion to dismiss the domestic relations case, plaintiff and defendant continued to disagree on the issues to be arbitrated in the partnership action, as well as on the composition of the three-person arbitration panel. Defendant chose an arbitrator in April. In May, plaintiff responded that because defendant had yet not answered the amended complaint in the partnership action she had not been able to choose an arbitrator. Plaintiff explained that when defendant filed his answer, she would be in a position to choose an arbitrator.

In June, while the parties were preparing for the July hearing in the domestic relations case, defendant filed a motion to dismiss the partnership action for failure to prosecute. *See* ORCP 54 B(1). In July, before the argument on

---

[2] The court stated:

"Wouldn't it make sense to just dismiss this proceeding [the domestic relations case] without prejudice or abate it until we get the other—go on one or the other and conclude the case and see what the outcome is instead of proceeding on both of them?"

defendant's motion to dismiss, plaintiff told defendant that she had selected an arbitrator and was ready to move forward with the arbitration. The trial court—a different judge from the one who had ruled on defendant's motion to dismiss the domestic relations case—heard argument on defendant's motion to dismiss the partnership action in late July, granted the motion orally in November, and entered a judgment of dismissal in April 1998. Plaintiff appeals from that judgment.

■ We review the trial court's decision to dismiss plaintiff's action for failure to prosecute for abuse of discretion. *Lambert v. American Dream Homes Corp.*, 148 Or App 371, 939 P2d 661 (1997). Settled principles guide our review. "Although plaintiffs generally bear the responsibility for seeing that their cases move forward, delay alone does not show a lack of prosecution." *Lambert*, 148 Or App at 375 (citations omitted). Rather, in determining whether delay warrants dismissing a case for failure to prosecute, the courts have considered, among other things, the length of the delay, the reasons for it, whether the court has previously warned the plaintiff that he or she should act with greater diligence, and whether less drastic sanctions than dismissal would suffice. *See Horn v. Calif.-Ore. Power Co.*, 221 Or 328, 336, 351 P2d 80 (1960) (length of delay); *Lambert*, 148 Or App at 375-76 (lesser sanctions); *Moore v. Ball, Janik & Novack*, 120 Or App 466, 469-70, 852 P2d 937, *rev den* 317 Or 485 (1993) (notice); *Bruner v. Cascade Western Corp.*, 88 Or App 501, 505, 746 P2d 231 (1987), *rev den* 305 Or 103 (1988) (dismissal warranted where delay was not justified).

■■ Those considerations do not yield a bright-line rule. Rather, ORCP 54 vests discretion in the trial courts to determine, in the factual context of each case, whether the plaintiff's lack of diligence in pursuing his or her action warrants dismissal. A trial court's discretion is not absolute, however, and we conclude that the trial court abused its discretion here. In this case, the delay was relatively brief. The trial court abated the partnership action in February so that plaintiff's claims could be arbitrated. Four months later, defendant moved to dismiss the partnership action because plaintiff had not taken sufficient steps to initiate arbitration.

Although plaintiff had done little up to that point to advance the arbitration process, her failure to do more does not equate with a lack of a diligence. *Compare Meissner v. Diller*, 69 Or App 518, 686 P2d 1061, *rev den* 298 Or 172 (1984), *with Hilsenbeck v. Quadrant Corp.*, 53 Or App 341, 632 P2d 19 (1981).[3] Rather, shortly after the trial court abated the partnership action, it effectively directed the parties to resolve the domestic relations case first and scheduled an early hearing to accomplish that purpose. In light of the trial court's scheduling decision, plaintiff reasonably focused her attention on the domestic relations case rather than the partnership action. *See Horn*, 221 Or at 335 (pendency of one proceeding warrants not going forward in a related proceeding); *accord Cox v. Myllymaki*, 231 Mont 320, 752 P2d 1093 (1988) (same). Had plaintiff pursued the arbitration while the parties were preparing for the domestic relations case, she would have done precisely what the trial court's March scheduling decision sought to avoid—she would have pursued potentially duplicative proceedings simultaneously.

Moreover, in light of the trial court's statements in March, plaintiff had no notice that she should have been doing more to arbitrate the partnership action. Rather, the trial court's statements in March pointed in precisely the opposite direction. The circumstances of this case provide no reason to think that plaintiff was not pursuing her claims diligently. Because it would have served no legitimate purpose for plaintiff to litigate the partnership action and the domestic relations case simultaneously, the trial court abused its discretion in dismissing the partnership action.[4]

Reversed and remanded.

---

[3] In *Hilsenbeck*, we upheld the trial court's order dismissing the complaint for want of prosecution because the plaintiff's resistance to arbitration in that case, as well as its complete inaction, "indicate[d] it did not intend to proceed to arbitration." 53 Or App at 348. In *Meissner*, we reversed the trial court's order dismissing the plaintiff's complaint because the plaintiff's minimal actions were sufficient to demonstrate that it did intend to pursue arbitration. Not only are plaintiff's actions here comparable to those in *Meissner*, but more importantly plaintiff had legitimate reasons for focusing her efforts on the domestic relations case rather than the partnership action.

[4] We note that the trial court has resolved the domestic relations case and that its judgment in that case has been affirmed on appeal. *See Salway and Salway*, 159 Or App 425, 978 P2d 459 (1999). We express no opinion whether the issues resolved in that case will have a preclusive effect on the issues plaintiff seeks to litigate in this one. That question will presumably be litigated on remand.