Submitted November 6, 2009, reversed and remanded January 6, 2010

Eliseo SANTOS-MACHA,
*Plaintiff-Appellant,*

*v.*

STELMEN PLASTERING, INC.,
an Oregon corporation;
Mark Chernobelsky;
Dena Chernobelsky;
and Naum Chernobelsky,
*Defendants-Respondents.*

Washington County Circuit Court
C062882CV; A138826

225 P3d 112

Christopher C. Dorr, Sara Kobak, and Schwabe, Williamson & Wyatt, P.C., filed the brief for appellant.

Mark Chernobelsky waived appearance *pro se.*

No appearance for respondents Stelmen Plastering, Inc., Dena Chernobelsky, and Naum Chernobelsky.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Plaintiff appeals from, *inter alia*, the trial court's dismissal of this action, which had been referred to mandatory court-annexed arbitration pursuant to ORS 36.405, because of the arbitrator's alleged noncompliance with Uniform Trial Court Rule (UTCR) 13.220(1)(b).[1] Plaintiff contends, in part, that the record does not disclose any violation of UTCR 13.220(1)(b), which provides that, in cases other than dissolution cases, the arbitrator is to file the award with the trial court administrator within 14 days after "the completion of the arbitration hearing." Specifically, plaintiff asserts that, because no arbitration hearing had ever been held, much less completed, in this case, there could not have been a violation of UTCR 13.220(1)(b). We agree with plaintiff and, accordingly, reverse and remand.

A detailed recounting of the underlying dispute would be of no benefit to the bench, the bar, or the public. For purposes of our review, the essential facts are simple and uncontroverted. On August 17, 2006, plaintiff brought this action against defendants for unpaid wages, as well as associated statutory penalties, and reasonable attorney fees and costs, pursuant to ORS 652.140, ORS 652.150, and ORS 652.200(2). Because the amount in controversy was less than $50,000, on November 14, 2006, the trial court referred the case to mandatory arbitration under ORS 36.405. Thereafter, because of difficulties with scheduling a mutually workable date for the arbitration hearing within 49 days of the assignment of the case to the arbitrator, the arbitrator applied to the presiding judge under UTCR 13.160(3)[2] for approval of a

---

[1] Plaintiff also separately appeals from the trial court's order denying his subsequent motion, under ORCP 71 B, to set aside that judgment. Because, as described below, we conclude that the trial court erred in entering the original judgment of dismissal, we do not address plaintiff's challenge to the denial of his ORCP 71 B motion.

[2] UTCR 13.160(3) provides:

"Except for good cause shown, the hearing must be scheduled to take place not sooner than 14 days, or later than 49 days, from the date of assignment of the case to the arbitrator. The parties may stipulate to a postponement or continuance only with the permission of the arbitrator. Such postponements or continuances must also be within the 49-day period. Any continuances or postponements beyond such period require the arbitrator to obtain approval of the presiding judge. The arbitrator must give notice of any continuance to the trial court administrator."

continuance, with the hearing to be scheduled for March 30, 2007. The presiding judge approved that application for an extension of the hearing date beyond the 49-day limit.

The arbitration hearing scheduled for March 30, 2007, never occurred. Instead, because of ongoing discovery-related disputes between the parties, the arbitrator apparently deferred the hearing until those disputes could be resolved. Over the next 11 months, the parties' discovery disputes proliferated because of defendants' refusal to produce requested documents, and the arbitrator and counsel attempted, unsuccessfully, to schedule a "mutually agreeable" date for the arbitration hearing. In February 2008, with the arbitration hearing still not rescheduled, and, in the wake of the arbitrator's issuance of his ultimate order to compel production, defendants' counsel moved to withdraw from the case.

On April 4, 2008, the trial court granted defense counsel's motion to resign. Three days later, and without notice to the parties, the presiding judge entered a general judgment of dismissal of the case. That judgment stated, in pertinent part:

> **"IT APPEARING TO THE COURT** that parties in the above case have not complied with the rules governing Court Arbitration.
>
> "☐ Hearing must be scheduled within 49 days from the date of selection of the arbitrator. UTCR 13.160(2)[.] The arbitrator was selected/appointed _____.
>
> "☒ Arbitrator must file the original award with the Court together with proof of service within 21 days of a dissolution hearing and within 14 days of the hearing in all other cases. UTCR 13.220(1)[.] Court records shows the hearing was \_\_\_\_3/30/07\_\_\_\_.
>
> **"A JUDGMENT OF DISMISSAL FOR NON-COMPLIANCE IS THEREFORE ORDERED AND ADJUDGED."**

(Boldface and capitalization in original.) Thus, the trial court checked the box for the second of the paragraphs, relating to a violation of UTCR 13.220(1), and not for the first, relating to a violation of UTCR 13.160.

Plaintiff timely moved under ORCP 71 B to set aside the judgment of dismissal. Plaintiff raised a variety of arguments, including that dismissal without notice to the parties was improper and that dismissal was unfairly prejudicial because plaintiff had diligently prosecuted the matter throughout notwithstanding defendants' "repeated failures to comply with discovery and discovery orders" and "stalling tactics." The trial court denied the ORCP 71 B motion, observing that "this is an old case * * * one that just lingered and languished in the system for so long * * * so it's going to stay dismissed."

Plaintiff timely appealed from the general judgment of dismissal, as well as from the order denying his ORCP 71 B motion, and assigns error to both dispositions. He raises a battery of challenges. We address only one because it compels reversal: Even assuming, without deciding, that a violation of requirements specified in UTCR chapter 13, including UTCR 13.220, can be proper grounds for dismissal of a case,[3] the trial court erred in dismissing this matter for violation of UTCR 13.220(1)(b) because there was no such violation.

As noted, the trial court's judgment of dismissal was based explicitly and exclusively on a purported violation of UTCR 13.220(1). UTCR 13.220 provides, in pertinent part:

"(1)   The arbitrator shall file the award with the trial court administrator, together with proof of service of a copy of the award, upon each party within the following times after the completion of the arbitration hearing:

"* * * * *

"(b)   In all [nondissolution] cases within 14 days.

---

[3] Although we express no opinion in that regard, we note, as plaintiff emphasizes, that dismissal of a case based on the *arbitrator's* (as opposed to plaintiff's) purported violation of a UTCR requirement is, at least, problematic. *Cf. Monroe v. Harmon*, 158 Or App 196, 200, 973 P2d 392, *rev den*, 329 Or 126 (1999) ("Although UTCR 13.160 prescribes the time within which an arbitrator must schedule an arbitration hearing, it does not describe any consequences of noncompliance."); *Green v. Tri-Met*, 93 Or App 623, 624, 762 P2d 1067 (1988) (arbitration award not void for failure to comply with supplemental local court rule that required arbitrator to file award within seven days after conclusion of arbitration hearing because that rule did not "prescribe the consequences of noncompliance" or suggest "that its violation makes the arbitrator's award void").

"(2)    An arbitrator may request an extension of time for filing of the award by presenting a written *ex parte* request to the trial court administrator. The trial court administrator may grant or deny the request, subject to review of the presiding judge. The arbitrator shall give the parties notice of any extension granted."

The explicit premise of the requirement of UTCR 13.220(1)(b) that the arbitrator's award must be filed within 14 days "after the completion of the arbitration hearing" is that *there has, in fact, been an arbitration hearing*. In this case, the record is patent that that prerequisite was never satisfied. The arbitration hearing scheduled for March 30, 2007, never occurred and was never rescheduled, much less completed. Accordingly, there was no violation of UTCR 13.220(1)(b), and the trial court erred in dismissing the case for that reason.

Reversed and remanded.